## STATE OF KANSAS.

## JANUARY TERM, 1902.

64   1
c70  848

*PRESENT:*

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON,
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,  } Justices.
Hon. ADRIAN L. GREENE,
Hon. ABRAM H. ELLIS,
Hon. JOHN C. POLLOCK,

*In re* Effie Kinsel.
**No. 11,891.** ( 67 Pac. 634.)

SYLLABUS BY THE COURT.

1. Trial by Jury—*Police Court.* The constitutional guaranties of the right of a trial by jury apply only to the classes of cases in which the right existed when the constitution was adopted; and juries were not then allowed in local police courts in prosecutions for the infraction of ordinances and local regulations passed under the police power to preserve the health, peace and good order of the people of towns and cities.

2. ———— *Appeal from Police Court—Insufficient Bond.* The petitioner was tried in police court, without a jury, and convicted of keeping a bawdy-house, in violation of a city ordinance, and when she attempted to appeal from the conviction a bond, with approved surety, in the sum of eighty dollars, to secure her appearance in the district court, was required. She declined to give such bond, and tendered one signed by herself alone, which was refused. *Held,* that the constitutional guaranty of the right to a jury trial was not denied to her.

1—64 kan.

Original proceeding in *habeas corpus*.    Opinion filed January 10, 1902.    Petitioner remanded.

*David Ritchie*, for petitioner.
*H. C. Tobey*, for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: Effie Kinsel was convicted in the police court of Salina of keeping a bawdy-house, and was adjudged to pay a fine of twenty-five dollars and costs, and to stand committed to the city jail until payment should be made.    She gave notice of an appeal, and the police judge fixed the amount of her appeal bond at eighty dollars.    She executed and tendered an appeal bond in that amount, signed by herself alone, but the police judge refused to accept or approve it unless security for her appearance in the district court was given.    This she declined to give, and was therefore committed to the city jail as the judgment provided.    She applies here for a release from custody, upon the ground that the conviction and custody are illegal and void because she was not afforded a jury trial.    The conviction was had under an ordinance of the city of Salina which provides punishment for the keeping of a house of prostitution, and which the legislature authorized a city council to enact.    The power of the police court to convict the petitioner under the ordinance without a jury was raised at the trial as well as when an appeal was demanded by her on an appeal bond signed by herself alone.

This proceeding renews the question whether a person may be tried in a municipal court without a jury for a minor offense without violating the constitu-

tional guaranty of the right to a jury trial. The power of a police court to try persons for infractions of city ordinances without the intervention of a jury was upheld in the early case of *City of Emporia v. Volmer*, 12 Kan. 622, and the same view taken in later cases. (*The State, ex rel., v. City of Topeka*, 36 Kan. 76, 12 Pac. 310, 59 Am. Rep. 529 ; *In re Jahn, Petitioner,* 55 Kan. 694, 41 Pac. 956.)

In behalf of the petitioner it is argued that the keeping of a house of ill-fame was an indictable offense at common law, triable by a jury, and that our constitution preserves the right to a jury trial, as it existed when the constitution was adopted. The constitutional guaranties, that the right of a jury trial shall be inviolate, and that the accused shall be allowed a speedy public trial by an impartial jury (Bill of Rights, §§ 5, 10), undoubtedly mean that the right to a jury trial remains and continues as it existed when the guaranties were incorporated into our constitution. (*The State v. Simons*, 61 Kan. 752, 60 Pac. 1052.) At that time, however, persons prosecuted in inferior courts for violations of municipal regulations were not entitled to a jury trial. As was held in *The State, ex rel., v. City of Topeka*, supra, the constitutional provisions do not apply to summary remedies given or exercised before such inferior courts. Prior to the adoption of our constitution such trials were conducted without juries, and it was said "at common law juries are always composed of twelve men, and such juries have seldom been allowed in courts of special, inferior or limited jurisdiction, such as police courts, justice of the peace or probate courts, or in courts of equity or in reviewing courts." It was further remarked in the same case :

"In our opinion the words 'all prosecutions,' as

used in section 10 of the bill of rights, were intended to mean only all criminal prosecutions for violations of the laws of the state, and were not intended to mean or to include prosecutions for the violation of ordinary city ordinances which have relation only to the local affairs of the city."

The same question was before the supreme court of Colorado in *McInerney v. City of Denver*, 17 Colo. 302, 29 Pac. 516, and it was said :

"The inquiry, therefore, is not, was the *act* complained of a public misdemeanor by statute or at the common law, but does the *offense* charged belong to a class of offenses that were usually proceeded against summarily ?   A careful examination of authorities has led us to the conclusion that, both in this country and in England, the transgression of municipal regulations enacted under the police power for the purpose of preserving the health, peace, and good order, and otherwise promoting the general welfare, within cities and towns had for more than a century prior to the adoption of our constitution been generally prosecuted without a jury."

This authority makes a distinction between violations of a public law and violations of ordinances which provide for police or domestic regulation in the interest of order and decency.   The latter are said to be devoid of the characteristics of general laws, and are not, in a constitutional sense, crimes for which the accused has a right to a trial by jury.   The cases are not unanimous on the proposition, but we think it is settled by the great weight of authority that the enforcement of municipal ordinances without the intervention of a jury does not conflict with the constitutional guaranties securing the right of trial by jury. · (*State v. Conlin*, 27 Vt. 322 ; *Byers and Davis v. Commonwealth*, 42 Pa. St. 89 ; *State v. Glenn*, 54 Md. 572 ; *Ex parte Hollwedell*, 74 Mo. 400 ; *Williams v.*

*In re* Kinsel.

*The City Council of Augusta*, 4 Ga. 509 ; *State v. Lee*, 29 Minn. 453, 13 N. W. 913 ; *Howe v. Treasurer of Plainfield*, 37 N. J. L. 145 ; *McGear et al. v. Woodruff*, 33 N. J. L. 215 ; *Beers v. Beers*, 4 Conn. 535, 10 Am. Dec. 186 ; *Wong v. City of Astoria*, 13 Ore. 538, 11 Pac. 295 ; *State v. Fourcade*, 45 La. An. 717, 13 South. 187, 40 Am. St. Rep. 249 ; *Moore v. The State*, 22 Tex. App. 117, 2 S. W. 634 ; *Meade Hunt v. City of Jacksonville*, 34 Fla. 504, 16 South. 398, 43 Am. St. Rep. 214 ; *Brown v. Epps*, 91 Va. 726, 27 L. R. A. 676, 21 S. E. 119 ; *Ex parte Kiburg*, 10 Mo. App. 447 ; *People v. McCarthy*, 45 How. Pr. 97 ; *Inwood v. State*, 42 Ohio St. 186 ; *Hill v. The Mayor, etc., of Dalton*, 72 Ga. 319 ; *Thomas Floyd v. The Commissioners of Eatonton*, 14 Ga. 354, 58 Am. Dec. 559 ; *Ward v. Farwell et al.* 97 Ill. 593 ; Sedg. St. & Const. L. 496 ; Pom. Const. L. § 246 ; Proff. Jury Tri. § 95 ; 24 A. & E. Encycl. of L. 504.)

The constitutional provisions in question were not intended to confer the right of trial by jury in a class of cases where it had not previously existed, nor in summary proceedings wherein juries were not allowed at common law.   These guaranties do apply to prosecutions in common-law courts — that is, courts exercising common law jurisdiction.   In them the right to jury trial is enjoyed as it was when the constitution was adopted ; but before that time, as the authorities cited show, juries were not allowed either in England or this country in local police courts for the summary trial of persons charged with violating municipal ordinances or like trivial offenses.

Even if we regard the offense charged as of a criminal nature and the violation of a public law, it cannot be said that the petitioner was in fact denied the right of trial by jury.   An appeal was available to the district court, where a formal trial could have been had

with a common-law jury.   It has been held, as some
of the cited cases show, that if an appeal may be had
from a conviction at a summary trial, without un-
reasonable restrictions, to a court of general jurisdic-
tion, where a jury trial may be had, the requirements
of the constitution are satisfied.   Whatever view may
be taken, it cannot be said that the right of appeal
of the petitioner was clogged by unreasonable restric-
tions.   If the prosecution had been begun in the dis-
trict court, her release from custody until the trial
could only have been had by the giving of a bond,
with approved surety, providing for her appearance
in the district court.   The appeal bond required for
her appearance was no more difficult to give.   It was
only eighty dollars in amount, and it appears that she
gave a bond for a larger sum signed by two sureties
to secure her release while this proceeding was pend-
ing.

The petitioner will be remanded.

DOSTER, C. J., SMITH, GREENE, JJ., concurring.