THE CITY OF TOPEKA v. TONY KERSCH.

No. 14,059.   (79 Pac. 681.) *

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE — *Jurisdiction upon Appeal from Police Court.*  A prosecution for violating a city ordinance was had in the police court of a city of the first class before an acting police judge on a verbal charge preferred by a policeman for an offense committed in his presence.  The charge was entered in the docket of the police judge, with the names of the witnesses for the city, together with the judgment of the court.  *Held,* that a transcript of the docket, certified to by the regular police judge, was sufficient to give the district court jurisdiction of the case on appeal.

2. ———— *Intoxicating Liquors — No Accessories in Misdemeanors.*  A verbal complaint in the police court of a city of the first class charged defendant with assisting in keeping a common nuisance under the prohibitory liquor law.  There being no accessories in misdemeanors, proof that the accused committed the offense unaided by any other person justified a conviction.

3. ———— *Reference to Place Justifiable — Verdict Held Responsive.*  A complaint of the kind referred to above charged that defendant assisted in committing a common nuisance in a back room on the first floor of a two-story building at No. 708 Kansas avenue.  The verdict found defendant guilty of maintaining a nuisance at 708 Kansas avenue, "as claimed in this prosecution."  The particular room was described by witnesses for the city, and the court referred to it in the instructions as "the place described in the evidence."  *Held,* that in the absence of a written complaint the court was justified in the reference it made to the place where the offense was committed, and that the verdict was responsive to the charge.

---

* Pending in the supreme court of the United States on a writ of error allowed April 19, 1905.— REP.

4. ———— *Objection Waived—Cases Followed.* A defendant ar-
rested on view, without warrant, for a misdemeanor committed
in the presence of a police officer attacked the constitutionality
of section 813 of the General Statutes of 1901, authorizing such
arrest, after conviction in the police court and after appeal to
the district court and trial there on the merits. *Held,* that any
objection to the legality of the arrest was waived. The cases
of *The State v. Blackman,* 32 Kan. 615, 5 Pac. 173, and *The
State v. Bjorkland,* 34 id. 377, 8 Pac. 391, followed.

Appeal from Shawnee district court; Z. T. HAZEN,
judge.   Opinion filed February 11, 1905.   Affirmed.
Opinion denying petition for rehearing filed March
11, 1905.

*Charles F. Spencer*, city attorney, and *W. C. Ralston*,
for appellee.

*G. C. Clemens*, and *C. A. Magaw*, for appellant.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: Appellant was taken into
custody on view of the commission of an offense by a
policeman of the city of Topeka and brought before
the police court without process.   An oral complaint
was made against him by the officer charging that on
or about July 3, 1903, in a back room on the first
floor of a two-story building at No. 708 Kansas ave-
nue, defendant did unlawfully assist in keeping and
maintaining a place where spirituous, malt, vinous,
fermented and other intoxicating liquors were sold,
bartered, and given away, and where persons were
permitted to resort for the purpose of drinking such
intoxicating liquors as a beverage, and where intoxi-
cating liquors were kept for sale, barter, and delivery,
without a permit, etc., in violation of the ordinances
of the city.

Appellant was found guilty, a fine imposed, to-
gether with a sentence of imprisonment.   He ap-

pealed, giving bond in the sum of $500. The transcript sent up showed that appellant was convicted before M. L. Field, acting police judge. It was certified, however, thus :

"This is to certify that the within and foregoing is a full, true, complete and perfect copy of the proceedings had before me in the above-entitled cause, as appears in my docket 17, at page 159.

"Witness my hand this 24th day of July, 1903.
CLAD HAMILTON, *Police Judge.*"

In the district court Kersch moved to dismiss the action for the reason that the transcript did not show that he was charged, tried, or convicted in the police court of any offense against the ordinances of the city. The motion was overruled. He renewed the motion after the jury were sworn to try the case. The same ruling was made. Before the jury were sworn defendant objected to being placed on trial for the reason that there was no complaint or warrant on which he could be tried. This objection was overruled. We suppose this motion was intended to attack the transcript because it was not legally certified. If so, it was far from specific, and we might well say did not raise the question. The transcript, however, was not defective. It was certified to by the regular police judge, the only officer authorized to do so. Appellant's counsel argue that, their client having been tried before a special or acting police judge, the proceedings must be certified by him, and liken the case to a settlement of a bill of exceptions by a judge *pro tem.* The cases are not analogous. Proceedings on appeal from convictions in the police court are regulated by section 807 of the General Statutes of 1901, which applies the law respecting procedure before justices of the peace to appeals from the police court.

All that is necessary on such appeal is to get the proceedings before the district court which appear in the docket of the police judge.   The word "proceedings" has a broad meaning.   (*Drumm v. Cessnum*, 61 Kan. 467, 59 Pac. 1078.)

Under the theory of counsel for appellant, if the acting police judge should die or remove from the state there could be no appeal.   The complaint against defendant appeared on the docket; there was no warrant.   A certified copy of the docket entries, together with a certificate of the recognizance, was all that the law required to give the district court jurisdiction of the case.   Appellant, when arraigned in the police court, did not demand to have a complaint filed against him under oath, to which he was entitled under the statute.   (Gen. Stat. 1901, § 813.)   The filing of a written complaint being waived, the waiver concluded his rights thereto in the district court after appeal.   The complaint could not be changed or amended except in the police court.   (*City of Burlington v. James*, 17 Kan. 221.)

Because appellant was charged with *assisting* in keeping and maintaining a common nuisance it is urged that the court misdirected the jury in stating that he was on trial for keeping and maintaining such nuisance.   In misdemeanors all who aid or assist are principals; the law recognizes no accessories.   The testimony showed that Kersch, at the time of his arrest, was serving liquor over the bar to about ten men. He had no hat or coat on and was actively engaged in the work.   The supply of liquor was ample.   It is insisted that no intoxicating liquors were found in the possession of appellant, and hence no *prima facie* case arose under section 2500 of the General Statutes of 1901. We think there was ample proof of possession.   A

barkeeper serving customers with intoxicating drinks has possession of the liquor dispensed, at least while placing it on the bar. The court by proper instructions left the question to the jury whether defendant was committing the offense of which he was convicted in the presence of the officer at the time of his arrest.

The verdict returned by the jury found appellant guilty of keeping and maintaining a common nuisance at No. 708 Kansas avenue, in the city of Topeka, on July 3, 1903, "as claimed in this prosecution." Because the verbal charge specified a back room on the first floor of a two-story building at No. 708 Kansas avenue as the place of the commission of the offense it is urged that the verdict was not responsive to the charge, and did not sustain a sentence under it.

It must be remembered that the charge against the accused was not in writing. He was tried on the verbal statement of a police officer, who first made the accusation in the presence of the offender in the police court and afterward testified under oath to the charges preferred. It was not error for the court to refer in the instructions to "the place described in the evidence" when commenting on the location of the offense. By failing to demand a written complaint appellant waived technical averments against him, and cannot now be heard to complain that information respecting the nature of his offense was conveyed to him verbally. Of the general scope of the charge he was amply informed by the preliminary statement of the officer; the details were given in the testimony.

That part of section 813 of the General Statutes of 1901 which authorizes an arrest upon view of a crime committed in the presence of a police officer, without warrant, is attacked as unconstitutional because in

violation of section 15 of the bill of rights, which guarantees security against unreasonable searches and seizures, and for other constitutional reasons.

This record does not present a case for the consideration of the question urged. The regularity of the appellant's arrest was not challenged in the police court or the district court. When convicted in the police court he entered into a recognizance on appeal. He appeared and contested the case on its merits.

In *The State v. Gleason*, 32 Kan. 245, 4 Pac. 363, it was held that under section 15 of the bill of rights, which provides that no warrant shall be issued to seize any person but on probable cause, supported on oath or affirmation, a complaint or information filed in the district court on information or belief, charging a misdemeanor, does not authorize the issuance of a warrant for the arrest of a party so charged. In *The State v. Blackman*, 32 Kan. 615, 5 Pac. 173, a defendant convicted under an information sworn to on information and belief went to trial on the merits without making any objection to the sufficiency of the information or its verification. It was held that he had waived all defects.

In *The State v. Bjorkland*, 34 Kan. 377, 8 Pac. 391, the court went further. Informations charging offenses under the prohibitory liquor law were sworn to on information and belief. Motions were made to quash the warrants after defendant had entered into recognizance for his appearance. It was held that as the party was not held on the warrants they had spent their force, and the question of wrongful arrest was waived. The same ruling was made in *Junction City v. Keeffe*, 40 Kan. 275, 19 Pac. 735.

That a conviction was had without a written complaint does not impair the appellant's constitutional

rights.   He was entitled to a written complaint on demand, which he did not make.   This court has held several times that a trial by jury may be denied in the police court if there are no unreasonable restrictions on the right to appeal to a court where a jury may be had on demand.

The judgment of the district court is affirmed.

All the Justices concurring.

---

OPINION ON PETITION FOR REHEARING.
( 80 Pac. 29.)

The opinion of the court was delivered by

WILLIAM R. SMITH, J. : On motion for a rehearing the attention of the court has been directed to section 108a of chapter 122, Laws of 1903, providing that upon appeal from a judgment of conviction before a police judge the complaint may be amended or a new complaint filed in the district court.   It gave to appellant an additional opportunity, after the case against him had been appealed from the police court, to demand a written complaint, of which opportunity he neglected in this case to avail himself.

It is next contended that appellant's constitutional right to trial by jury was infringed by a denial of such trial in the police court, and that the requirement of the statute, as a condition of appeal, that a recognizance be given conditioned for defendant's appearance in the district court to answer the complaint, unreasonably clogs the right of defendant to secure a jury trial, and that no jurisdiction vested in the district court at all.   Appellant did not raise this question in the district court, but was content to go to trial before a constitutional jury and chance the result.   He seems to have been subject to no inconvenience in perfecting

an appeal, but complied with the terms of the statute freely and with promptness.   Of the cases cited by counsel for appellant, it may be said that in *Callan v. Wilson*, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223, the convicted person perfected his appeal from the police court, but subsequently withdrew it and tested the validity of the police-court sentence by *habeas corpus*.

In *State of Minnesota v. Everett*, 14 Minn. 439, a party convicted before a jury of six men in the justice's court appealed on questions of law alone, a practice akin, probably, to our proceeding in error.   The district court having affirmed the judgment on the law points raised, he appealed to the supreme court.

In *Reeves v. The State*, 96 Ala. 33, 11 South. 296, the defendant was tried and convicted of a misdemeanor in the county court, where no jury trial could be had. Upon appeal to the circuit court he was again convicted ; this time by a constitutional jury.   From this he went to the supreme court.   It was decided that he was held under the sentence of the circuit court and had waived any objection which might have been available had no appeal been taken.   The judgment was reversed on other grounds.

The case of *Jones v. Robbins*, 8 Gray, 329, was a *habeas corpus* proceeding.   The petitioner was a prisoner in the house of correction, held on a mittimus issued by the police court, under a sentence of larceny from a building—an aggravated offense.   It was decided that for such crime the accused could not be tried except by indictment of a grand jury.   The second paragraph of the syllabus reads :

"A statute which authorizes a single magistrate to try and pass sentence in a criminal case, but gives the defendant an unqualified and unfettered right of appeal and a trial by jury in the appellate court, subject only to the requirement of giving bail for his appear-

ance there, or, in default of such bail, being committed to jail, is not unconstitutional as impairing the right of trial by jury.''

A similar view of the law was taken by this court in *In re Kinsel*, 64 Kan. 1, 67 Pac. 634, 56 L. R. A. 475.

The case of *State v. Gurney*, 37 Me. 156, 58 Am. Dec. 782, is not an authority sustaining the contention of counsel for appellant.

Under our statute a party convicted in the police court, desiring to appeal, is not required to give a bond conditioned for the payment of the fine or costs, but only for his appearance before the district court at the next term to answer the complaint.

As suggested in the Kinsel case, *supra*, if the appealing party had been proceeded against originally in the district court, he would have been required to enter into a recognizance for his appearance or stand committed. No greater hardship is imposed by giving a bond with like conditions as a prerequisite to securing an appeal.

The motion for a rehearing is denied.

All the Justices concurring.