*In re* Clancy, *Petitioner*.

---

No. 24,582.

*In re* JOHN CLANCY, *Petitioner*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Vagrancy—Statute Constitutional.* An act defining vagrancy and providing punishment therefor (Laws 1917, ch. 167) is not violative of the constitutional provision that no bill shall contain more than one subject, which shall be clearly expressed in its title.

2. SAME. Neither does it conflict with the provisions of the bill of rights, that the right of trial by jury shall be inviolate and that an accused shall have a speedy public trial by an impartial jury in the county where the offense was committed.

3. SAME—*Right to Trial by Jury May be Waived.* Upon demand, the petitioner was entitled to a jury trial of the offense charged against him, but having assented to a trial without a jury he effectually waived the right.

4. SAME—*Statute Imposing Punishment for Vagrancy—Power of Legislature.* It was competent for the legislature to provide that anyone found loitering without visible means of support, who was pursuing an unlawful calling, and engaged in advocating and promoting crime, should be deemed a vagrant, and that upon conviction he should be fined and imprisoned.

5. SAME—*Term "Summary" as Used in Statute .Construed.* The term "summary" as used in the act does not mean that an accused shall be denied the right of trial by jury, but rather that there shall be a prompt arrest and a speedy trial.

Original proceeding in habeas corpus. Opinion filed November 4, 1922. Writ denied.

*In re* Clancy, *Petitioner.*

*Harold O. Mulks,* of Chicago, Ill., for the petitioner.

*Richard J. Hopkins,* attorney-general, *Dennis Madden,* assistant attorney-general, and *Alex S. Hendry,* county attorney, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an application to this court for a writ of habeas corpus John Clancy asks for a discharge from imprisonment. The application and writ show that his liberty was restrained under a judgment of conviction for vagrancy as defined in Laws of 1917, chapter 167. The trial was before a justice of the peace, who found him to be guilty of the offense charged, and the judgment was that he pay a fine of $100 and be imprisoned in the county jail for thirty days. Upon the application of the petitioner for the writ an order was granted that he be released from custody during the pendency of this proceeding, upon the giving of a bond for $500, which he furnished. None of the evidence nor any of the proceedings at the trial have been brought before the court. The case is submitted upon the complaint and judgment alone, and upon these the petitioner insists that the judgment is void and the imprisonment illegal.

In the complaint, consisting of two counts, it was alleged that the petitioner—

"First; Then and there, was found in the county of McPherson, state of Kansas, was found loitering without visible means of support in the community, he being a member of and an organizer and delegate from the Industrial Workers of the World, or I. W. W., engaged in promoting, advocating and inducing the commission of criminal syndicalism.

"Second: Then and there, was found in the county of McPherson, state of Kansas, without visible means of support in the community, he being engaged in an unlawful calling, he being an organizer and a member of the Industrial Workers of the World, and as such organizer and member of the I. W. W. was engaged in promoting and advocating the principles. of that order, constituting the crime of criminal syndicalism."

The judgment discloses that he was convicted upon a single charge, and only one penalty was imposed.

The contention of the petitioner is that the statute under which he was convicted is unconstitutional and void. The statute is entitled, "An Act defining vagrancy, and providing punishment therefor." It provides:

"Any person engaged in any unlawful calling whatever, or who shall be found loitering without visible means of support in any community, or who, being without visible means of support, shall refuse to work when work at fair wages is to be procured in the community, or who shall threaten violence

or personal injury to fellow workmen or to employers of labor, shall be deemed a vagrant, and upon conviction thereof shall be fined in·any sum not less than one hundred dollars nor more than five hundred dollars, and shall be imprisoned in the county jail for a period not less than thirty days nor more than six months." (Laws 1917, ch. 167, § 1.)

It will be observed that the act defines four distinct and separable violations, each of which is denounced as vagrancy, and upon a conviction of any one of the charges the same punishment is prescribed.

The petitioner first assails the title of the act, contending that it does not fairly cover the subject of the act, and embraces more than a single subject. It is a broad and comprehensive title, relating to vagrancy, a single subject. Certain acts of commission and omission are denounced as vagrancy and the punishment for them is prescribed. Under the decisions that have been made these are so clearly within the scope of the title that a discussion of the contention is not justified. (*Woodruff v. Baldwin,* 23 Kan. 491; *The State v. Barrett,* 27 Kan. 213; *Lynch v. Chase,* 55 Kan. 367, 40 Pac. 666; *The State v. Scott,* 109 Kan. 166, 197 Pac. 1089.)

It is further contended that the act is in violation of sections 5 and 10 of the bill of rights. In section 5 it is provided that "the right of trial by jury shall be inviolate," and in section 10 it is provided that—

"In all prosecutions, the accused shall be allowed to appear and defend in person or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense." (Gen. Stat. 1915, §§ 109, 114.)

So far as the right to a jury trial is concerned, as specified in section 10, it is not to be regarded as an extension of that granted in section 5. In the latter section there is an enumeration of a number of the rights that the accused shall have in a prosecution for a public offense, and it includes the right to a jury trial given in the earlier section, to which is added the requirement that the accused shall be given a speedy public trial in the county where the offense was committed. Has this right been denied to the petitioner? One contention of the respondent is that vagrancy is a petty offense to which the constitutional guaranty has no application. The trend of the authorities is that the constitutional guaranty of a jury trial

is not intended as either an extension or restriction of the existing right but was a guaranty that the right was to be preserved as it existed at the time of the adoption of the constitutional provision, and that as minor and petty· offenses were not then triable by a jury under the common law, the constitutional guaranty does not apply to them. (*In re Kinsel,* 64 Kan. 1, 67 Pac. 634; *Callan v. Wilson,* 127 U. S. 540. See, also, cases cited in these authorities.) It has been held, too, that summary trials for the violation of municipal ordinances before an inferior court may be had without a jury where the defendant may have an appeal, clogged by no unreasonable restrictions, to a court in which he has a right to a trial by jury. (*City of Emporia v. Volmer,* 12 Kan. 622; *In re Rolfs, Petitioner,* 30 Kan. 758, 1 Pac. 523; *The State, ex rel., v. City of Topeka,* 36 Kan. 76, 12 Pac. 310; *In re.Kinsel,* supra; *Topeka v. Kersch,* 70 Kan. 846, 80 Pac. 29.) It is said, and some of the.courts hold, that vagrancy is one of the petty police offenses against statutes which might be tried by an inferior court without a jury, as convictions for such offenses had never been regarded to be in conflict with the common-law right of trial by jury. (*In re Fife,* 110 Cal. 8; *State v. Noble,* 20 La. Ann. 325; *In re Glenn,* 54 Md. 572; *Byers and Davis v. Commonwealth,* 42 Pa. St. 89; 24 Cyc. 144.) However, it cannot be said that the legislature, in defining the offense in question, regarded the offense to be a petty one. It was competent for the legislature to declare, within constitutional limits, what acts of commission and omission should constitute the offense and the measure of punishment to be imposed. The offense having been defined by statute, it is not material what constituted vagrancy under the common law. Offenses under our statute are all statutory and the legislature may provide for a jury trial of offenses that might have been tried summarily without a jury under the common law. The offense denounced under the statute in question is of a serious criminal nature and the punishment to be inflicted indicates that the legislature treated it as a grave misdemeanor. In defining the offense the legislature added to "loitering without visible means of support," "engaging in an unlawful calling," and also "threatening injury or personal violence to a fellow workman or employer of labor." The punishment to be inflicted is a fine· of not.less than \$100 nor more than \$500, to which is added imprisonment in the county jail for a period not less than thirty days nor more than six months. In the crimes act vagrancy is included

among the public offenses, and the penalty there described discloses that it was not regarded as a minor offense. The punishment prescribed is a fine which may go to the extent of $500 and imprisonment for one year. It is listed among offenses for which less punishment is to be inflicted and for which a jury trial is accorded as a right of the accused. (Gen. Stat. 1915, § 3774.) We are of the opinion the offense denounced in the act in question adds so much to common-law vagrancy as usually defined and is so criminal in its nature and so grave in the consequences of a conviction, as to indicate that the legislature contemplated that it was not merely a petty police offense, but rather that it was a misdemeanor in which the accused was entitled to a jury trial upon demand. (*In re Rolfs*, supra.)

However, it does not appear that the petitioner was denied a jury trial. He was tried before a justice of the peace, and there is a statute which provides that in such a case the defendant may demand a jury and that if no jury is demanded by him or the state, the case may be tried by the justice. (Gen. Stat. 1915, § 8307.) Petitioner does not claim that a jury was demanded and no recital is contained in the record relating to it, and it may therefore be assumed that the justice proceeded according to law, and that a jury being waived by both parties the case was tried by the justice. We have a statute which provides that a jury may be waived in all prosecutions excepting for felonies (Gen. Stat. 1915, § 8111), and this being a misdemeanor case a jury trial could be waived. (*The State v. Wells*, 69 Kan. 792, 77 Pac. 547; *The State v. Stratton*, 103 Kan. 226, 173 Pac. 300; *The State v. Van Wormer*, 103 Kan. 309, 322, 173 Pac. 1076, 180 Pac. 450.)

As against the theory that a jury trial was contemplated by the legislature and that it could be granted or waived as in other misdemeanor cases, it is insisted that the terms of the act indicate a different legislative purpose and therefore the act should be declared invalid. This contention is based on the use of the term "summary," wherein it is said that the court shall summarily try such persons. Interpreting this term with others used in the act, we think that it means no more than that there shall be a speedy trial. The trial is to be so far informal that the charge should not await the action of a grand jury or require formal arraignment or the making of dilatory pleas or obtaining of postponements that might be permitted in other cases. It is evident that the legislative

*In re* Clancy, *Petitioner.*

thought was that public peace and welfare required such cases to be promptly tried, and therefore provided for prompt arrest and speedy trial. The terms used do not imply that the accused may be denied a jury trial any more than that he might be deprived of counsel or to be confronted with the witnesses brought against him or to have compulsory process to compel witnesses to come and testify in his behalf or other of the constitutional rights afforded an accused. He was entitled to a jury trial for the offense charged as he would have been in the trial of other misdemeanors, and if demanded it would doubtless have been awarded.

There is a contention that the conviction is void because the charges made under the act are not a valid exercise of the police power. Although the complaint was in form two counts, they substantially charged the same offense. In the first, it was alleged that the petitioner was found loitering without visible means of support, he being an organizer of the I. W. W. engaged in advocating and promoting criminal syndicalism. The second was in effect that he was found without visible means of support, engaged in an unlawful calling, that he was a member and organizer of the I. W. W. and engaged in promoting criminal syndicalism. While the statute provides that several separable charges are violations, the counts of the complaint were in effect alike, and it may be assumed they were so treated by the trial court.

It is argued that mere unemployment and being without visible means of support cannot be erected into a crime. The fact, that a person is out of work and without means of support, may not of itself subject him to a charge of vagrancy. It might be that no employment suitable to his health and ability could be obtained. It is unnecessary to determine, however, whether an idler without visible means of support may be punished as a vagrant. The charge here made is coupled with another, that he is a loiterer, who is engaged in an unlawful calling, namely, the advocacy and promotion of crime. While idleness or unemployment may not of themselves be punished in cases where these are united in one person, the legislature has the power to declare him a vagrant and to affix reasonable punishment. As the charge was made and the judgment rendered it is unnecessary to determine what the effect would have been if conviction had been based alone on any one of the acts denounced in the statute. It is enough to say that the charge as made being established by proof is sufficient to sustain a conviction

of vagrancy, and that while the petitioner was entitled to a jury trial, if he had demanded it, he was not deprived of that right. As he waived the right he cannot complain that he was not compelled to accept it.

The writ is therefore denied and the petitioner remanded.