NOT DESIGNATED FOR PUBLICATION

No. 121,476

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY HOLLON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 10, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Timothy Hollon appeals the sentence he received as a result of his convictions for attempted robbery and aggravated assault. He claims the district court's reliance on his previous criminal convictions to determine his sentence under the Kansas Sentencing Guidelines Act violated section 5 of the Kansas Constitution Bill of Rights. We disagree with Hollon's constitutional argument and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Hollon pleaded no contest to attempted robbery and aggravated assault in Sedgwick County District Court. In Kansas, sentences for most felony convictions are determined using the Kansas sentencing guidelines. K.S.A. 2019 Supp. 21-6801 et seq. These guidelines calculate a person's presumptive sentencing range and disposition based on a combination of the severity level of the current offense and the person's criminal history. See K.S.A. 2019 Supp. 21-6804(a). The district court found that Hollon's criminal-history category was A because he had previously committed three or more person felonies. Hollon orally confirmed this history at the sentencing hearing. The court then sentenced Hollon to 32 months' imprisonment for the attempted-robbery conviction and 12 months' imprisonment for the aggravated assault—both mid-range terms in the applicable boxes under the Kansas sentencing guidelines. The court ran these sentences consecutively for a controlling term of 44 months' imprisonment and 12 months' postrelease supervision.

DISCUSSION

The right to trial by jury is "a basic and fundamental feature of American jurisprudence." *Gard v. Sherwood Construction Co.*, 194 Kan. 541, 549, 400 P.2d 995 (1965). Since the founding of our state, section 5 of the Kansas Constitution Bill of Rights has stated the right to a jury trial is "inviolate." Kan. Const. Bill of Rights, § 5. Hollon contends the district court's use of his previous convictions to determine his sentence, without first requiring the State to prove his prior convictions to a jury, violated this provision.

Several panels of this court have recently rejected this argument. See *State v. Albano*, 58 Kan. App. 2d 118, ___, 464 P.3d 332, 344 (2020), *petition for rev. filed* May 6, 2020; *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *17-20 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 20, 2020; *State v. Brown*, No. 120,590,

2020 WL 1897361, at *7-8 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 18, 2020; *State v. Haskell*, No. 121,280, 2020 WL 1222941 (Kan. App. 2020) (unpublished opinion); *State v. Biurquez*, No. 121,197, 2020 WL 288532 (Kan. App. 2020) (unpublished opinion); *State v. Valentine*, No. 119,164, 2019 WL 2306626 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). Although we are not bound by these previous decisions, we agree with their analysis and reach the same conclusion here.

As a preliminary matter, appellate courts generally do not have jurisdiction to review a presumptive sentence under the Kansas sentencing guidelines—like the sentence Hollon received here. See K.S.A. 2019 Supp. 21-6820(c)(1); *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008). And Hollon's failure to raise this issue before the district court also would normally preclude appellate review. See *State v. Cheffen*, 297 Kan. 689, 698, 303 P.3d 1261 (2013). We choose to consider Hollon's constitutional claim in this instance, however, because it is a purely legal challenge to the Kansas sentencing framework and implicates his fundamental right to a trial by jury. See *State v. Love*, 305 Kan. 716, 734, 387 P.3d 820 (2017); *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); *Johnson*, 286 Kan. at 842. Our review over such questions is unlimited. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

Section 5 of the Kansas Constitution Bill of Rights states that "[t]he right of trial by jury shall be inviolate." Kan. Const. Bill of Rights, § 5. The Sixth Amendment to the United States Constitution similarly provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI; see also U.S. Const. amend. VII (providing a right to a jury trial in civil cases).

The United States Supreme Court has long rejected the argument Hollon now raises under the federal Constitution, finding the Sixth Amendment does not prohibit a

court from using a defendant's criminal history to enhance a presumptive punishment. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *State v. Watkins*, 306 Kan. 1093, 1094, 401 P.3d 607 (2017); *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016); *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015); *State v. Adams*, 294 Kan. 171, 184-85, 273 P.3d 718 (2012); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002) (rejecting arguments that this practice violates the United States Constitution). Recognizing this adverse precedent, Hollon asserts his claim under the *Kansas Constitution*, contending the jury-trial right under section 5 provides a broader protection than its federal counterpart.

Our constitutional analysis begins with the recognition that a challenged statutory framework—like the Kansas sentencing guidelines—"comes before the court cloaked in a presumption of constitutionality." *Leiker v. Gafford*, 245 Kan. 325, 364, 778 P.2d 823 (1989). The party asserting a constitutional claim must prove the law clearly violates the constitution. 245 Kan. at 364. In the context of this case, that means Hollon must prove (1) that section 5 of the Kansas Constitution Bill of Rights provides different protections from the Sixth Amendment and (2) that the criminal-history provisions of the sentencing guidelines violate that state-law right.

It is true, as Hollon points out, that there are textual differences between the Kansas and federal jury-trial provisions. And it is also true that Kansas courts may construe Kansas constitutional provisions independently from their federal counterparts. See generally *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 440 P.3d 461 (2019) (construing section 1 of the Kansas Constitution Bill of Rights as providing different protections from the privacy protections under the United States Constitution). But Kansas courts have long recognized such a practice is the exception to the rule. Instead, courts have traditionally found the rights provided by our state charter to be coextensive with federal constitutional protections, "notwithstanding any textual, historical, or

jurisprudential differences." *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013).

For this reason, our Kansas Supreme Court has indicated that anyone advocating a different reading of a Kansas constitutional provision from its federal counterpart must "explain why [Kansas courts] should depart from [their] long history of coextensive analysis of rights under the two constitutions." *State v. Boysaw*, 309 Kan. 526, 538, 439 P.3d 909 (2019). Thus, Hollon must articulate something in "the history of the Kansas Constitution or in our caselaw that would suggest a different analytic framework" should apply for the jury-trial right. 309 Kan. at 536.

Hollon does not make this required showing. Instead, he argues that Kansas should extend the rationale articulated in Justice Thomas' concurrence in *Apprendi*, which cited cases from other states predating Kansas statehood that required evidence of prior convictions to be presented to a jury. See *Apprendi*, 530 U.S. at 501-09 (Thomas, J., concurring).

We do not find this argument compelling for a number of reasons. In particular, we find no support for Hollon's claim that a person's criminal history was a fact tried to a jury when the Kansas Constitution was adopted. And more importantly, the Kansas Supreme Court has consistently treated the jury-trial right under the Kansas Constitution as coextensive with its federal counterpart, and Hollon fails to apprise us of a reason we can or should depart from this precedent.

"'Section 5 preserves the jury trial right as it historically existed at common law when our state's constitution came into existence.'" *Love*, 305 Kan. at 734. When considering a section 5 challenge, we engage in a two-part analysis, asking: (1) "In what types of cases is a party entitled to a jury trial as a matter of right?"; and (2) "when such a right exists, what does the right protect?" 305 Kan. at 735. The first prong of this analysis

is already answered, as a defendant in a criminal case is entitled to a jury trial as a matter of right. 305 Kan. at 736. Turning to the second prong, the jury-trial right provided in section 5 "'applies no further than to give the right of such trial *upon issues of fact so tried at common law*.'" 305 Kan. at 735.

In *Albano*, 464 P.3d at 342-44, this court examined the same argument Hollon raises regarding Justice Thomas' concurrence in *Apprendi* and concluded it was not supported by Kansas history or precedent. *Albano* found that the cases cited by Justice Thomas in his concurrence (and now relied on by Hollon) failed to demonstrate a common-law right for a jury to determine a defendant's criminal history. 464 P.3d at 342-43. The panel also noted that the United States Supreme Court's long acceptance of recidivist laws cuts against the existence of a common-law right to have a jury determine criminal history:

> "The United States Supreme Court has continually recognized that allowing a judge to consider prior convictions at sentencing 'is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' *Almendarez-Torres v. United States*, 523 U.S. 224, 243, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). In fact, the Court acknowledged that recidivist laws 'have a long tradition in this country . . . dat[ing] back to colonial times' and 'a charge under a recidivism statute does not state a separate offense, but goes to punishment only.' *Parke v. Raley*, 506 U.S. 20, 26-27, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). Thus, there is authority supporting the converse of Albano's proposition: that judges historically could find prior convictions because prior convictions were not a separate offense that needed to be proved to a jury." *Albano*, 464 P.3d at 343.

And perhaps most telling for purposes of our analysis, the Kansas Supreme Court declined 85 years ago to hold that the Kansas Constitution requires a jury to determine criminal history. See 464 P.3d at 339-44. In *Levell v. Simpson*, 142 Kan. 892, 52 P.2d 372 (1935), the defendant challenged his sentence, arguing he had a right under the state and federal constitutions to have a jury determine whether he had prior convictions. The

6

Kansas Supreme Court definitively stated the defendant "had no such privilege under Kansas law." 142 Kan. at 894.

Other Kansas Supreme Court cases similarly indicate section 5 provides the same protection as the federal jury-trial right. Indeed, section 10 of the Kansas Constitution—which provides multiple protections for a defendant in a criminal case, including the right to a trial by impartial jury—has been consistently found to be coextensive with the Sixth Amendment. See *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014) ("We have not previously analyzed our state constitutional language differently from the federal provision."), *rev'd and remanded on other grounds* 577 U.S. ___, 136 S. Ct. 633, 193 L. Ed. 2d 535 (2016); *In re Clancy, Petitioner*, 112 Kan. 247, 249, 210 P. 487 (1922). Because "section 10 encompasses section 5's jury trial right and section 10 provides the same protection as the Sixth Amendment, it is a reasonable inference that section 5's jury trial right is also interpreted the same as the Sixth Amendment to the United States Constitution." *Albano*, 464 P.3d at 341.

Hollon has not articulated any other explanation for the existence of such a right at common law. Nor has he explained why he believes the Kansas Supreme Court would depart from its controlling interpretation of the Kansas jury-trial right. Accord *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent). We thus see no reason to disagree with *Albano*'s conclusion that "Kansas' position has always been that, under the state constitution, a defendant does not have a right to have a jury determine prior convictions for sentencing purposes." 464 P.3d at 344.

Affirmed.