NOT DESIGNATED FOR PUBLICATION

Nos. 121,407
121,408

COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

and

JOSE L. DELEON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 21, 2020.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Jose L. Deleon pleaded guilty to criminal possession of a firearm,
attempted robbery, and criminal discharge of a firearm. Because of his prior convictions,
the district court scored Deleon's criminal history an A and sentenced him to 122 months
in prison. Deleon appeals, contending the Kansas Sentencing Guidelines Act's (KSGA)
criminal history scheme is unconstitutional under section 5 of the Kansas Constitution
Bill of Rights. He also argues the KSGA's use of a defendant's criminal history is

1

unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We find no error.

*Factual and Procedural Background*

In November 2017, Jose L. Deleon pleaded guilty to criminal possession of a weapon by a felon. Before the plea hearing, Deleon signed a Defendant's Acknowledgement of Rights and Entry of Plea. In that plea agreement, he acknowledged the following:

- He would be giving up his right to a jury trial;
- his sentence was solely within the judge's control;
- the district court would determine his presumptive sentence by combining the severity level of his current crimes of conviction and his criminal history;
- he could appeal his criminal history score; and
- he could appeal any crime severity level determination that affected his sentence.

During the hearing, Deleon confirmed that he understood the Acknowledgement of Rights and signed it. He also confirmed again that he was giving up his right to a jury trial.

In March 2019, Deleon pleaded guilty to attempted aggravated robbery and criminal discharge of a firearm. He signed another Acknowledgement of Rights, which contained the same language as the previous Acknowledgment. At the plea hearing, Deleon also swore and confirmed he understood this Acknowledgment and affirmed he was giving up his right to a jury trial.

The district court sentenced Deleon in both cases in May 2019. The district court found, and Deleon agreed, that his criminal history score was an A in both cases. The district court also explained to Deleon how the sentencing grid under the KSGA applied to his situation. The district court sentenced Deleon in the first case to 23 months in prison with 12 months of postrelease supervision for criminal possession of a firearm. In the second case, the district court sentenced Deleon to 122 months in prison with 24 months of postrelease supervision for attempted aggravated robbery, and to a lesser concurrent sentence for his criminal discharge of a firearm. The district court ordered the sentences in both cases to run concurrently.

Deleon timely appeals both cases, which we consolidated on appeal.

*Did the District Court Violate Section 5 of the Kansas Constitution Bill of Rights?*

Deleon first argues that the KSGA's mandate to include prior criminal convictions in calculating a defendant's sentence is unconstitutional because it violates his right to a jury trial under section 5 of the Kansas Constitution Bill of Rights. That section states, "[t]he right of trial by jury shall be inviolate." He contends this section precludes the district court from using prior convictions to raise the permissive punishment for his current crime of conviction, unless the State first presents evidence of the prior conviction to the jury and the jury finds the fact of that conviction beyond a reasonable doubt.

Deleon asserts this preclusion existed in American common law at the time the Kansas Constitution was adopted so it should be read into our Bill of Rights. "'Section 5 preserves the jury trial right as it historically existed at common law when our state's constitution came into existence.'" *State v. Love*, 305 Kan. 716, 734, 387 P.3d 820 (2017). Deleon argues that the common law required the State to prove a defendant's criminal history to a jury when the Kansas Constitution began, so the KSGA—which allows a

3

judge to find criminal history—is unconstitutional under section 5. He asks this court to vacate his sentence and remand.

*Preservation*

The State first responds that Deleon's argument is barred because K.S.A. 2019 Supp. 21-6820(c)(1) precludes appellate review of a presumptive sentence under the KSGA, and Deleon got a presumptive sentence. But Deleon's challenge is to the district court's authority to impose a presumptive sentence. We can consider a challenge to the facial constitutionality of a sentencing scheme. See *State v. Morningstar*, 299 Kan. 1236, 1240, 329 P.3d 1093 (2014); *State v. Huerta*, 291 Kan. 831, 839-40, 247 P.3d 1043 (2011). Deleon raises a facial challenge here, so he is not barred by K.S.A. 2019 Supp. 21-6820(c)(1).

Next, the State contends that Deleon did not properly preserve this argument. Under Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34), an appellant must point to the specific location in the record where the appellant raised the issue being appealed and where the court ruled on that issue. Generally, if an issue was not raised in the trial court, it cannot be raised on appeal. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). This rule applies to alleged constitutional violations as well. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). The rationale behind this rule is simple: A trial court cannot wrongly decide an issue never presented to it. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003).

Yet we have recognized three exceptions to this rule:

"'[A]ppellate courts may consider constitutional issues raised for the first time on appeal if the issue falls within one of three recognized exceptions: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative

of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason.' [Citations omitted.]" *Godfrey*, 301 Kan. at 1043.

To avoid application of the general rule, the party asserting an issue for the first time on appeal must invoke an exception and explain why the issue is properly before the court. 301 Kan. at 1043; Rule 6.02(a)(5).

Deleon concedes that he did not raise this issue in the district court. Yet he asserts the first two exceptions above apply. We agree that his claim involves only a question of law and implicates his fundamental right to a trial by jury. See *Love*, 305 Kan. at 735. And we choose to reach the merits here. See *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020) (finding that the decision to review an unpreserved claim under an exception is a prudential one, so even when an exception supports a decision to review a new claim, we do not have to do so).

*Analysis*

Deleon contends that it is unconstitutional for a district court to use his prior convictions to elevate the permissive punishment for the current crime of conviction, without proving those prior convictions to a jury. The constitutionality of a sentencing statute is a question of law subject to unlimited appellate review. *State v. Moore*, 302 Kan. 685, 708, 357 P.3d 275 (2015).

Deleon concedes that his argument fails under the United States Constitution. The United States Supreme Court has held that the Sixth Amendment does not prohibit a court from using a defendant's criminal history to enhance a presumptive punishment. *Apprendi*, 530 U.S. at 490. Similarly, the Kansas Supreme Court has followed suit, repeatedly holding that the Sixth Amendment does not prohibit a court from using a

defendant's criminal history to enhance a presumptive punishment. See *State v. Watkins*, 306 Kan. 1093, 1094, 401 P.3d 607 (2017); *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016); *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015); *State v. Adams*, 294 Kan. 171, 184-85, 273 P.3d 718 (2012); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002).

So Deleon asserts the same right under the Kansas Constitution, claiming that the jury-trial right under our section 5 provides broader protection than the Sixth Amendment, its federal counterpart. But our appellate courts have repeatedly rejected this argument as well. See *State v. Conley*, 270 Kan. 18, 35-36, 11 P.3d 1147 (2000); *State v. Albano*, 58 Kan. App. 2d 117, 133-34, 464 P.3d 332 (2020), *petition for rev. filed* May 6, 2020; *State v. Smith*, No. 121,267, 2020 WL 3022874, at *3 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* June 29, 2020; *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *17-20 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 20, 2020; *State v. Brown*, No. 120,590, 2020 WL 1897361, at *7-8 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 18, 2020; *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). We believe those cases reached the correct result.

True, Kansas courts may construe Kansas constitutional provisions independently from their federal counterparts, but such a practice is the exception to the rule. Our courts have traditionally found the rights provided by our state charter to be coextensive with federal constitutional protections, "notwithstanding any textual, historical, or jurisprudential differences." *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013). So a person who contends that the Kansas Constitution is broader than its federal counterpart must explain why the history of the Kansas Constitution or our caselaw shows that we should depart from the "long history of coextensive analysis of rights under the two constitutions." *State v. Boysaw*, 309 Kan. 526, 538, 439 P.3d 909 (2019). The burden is not, as Deleon contends, on the appellate court to explain why the

"inviolate" common-law right to a jury trial does not extend to penalty-enhancing prior conviction findings.

Deleon fails to meet his burden here. Instead, Deleon's argument is identical to the arguments this court rejected in *Albano*. The *Albano* panel correctly found no authority to support the assertion that section 5 provides greater protection than the federal jury-trial right, which does not require a jury to determine prior convictions. 58 Kan. App. 2d at 127.

We agree that we should not interpret section 5 more broadly than its federal counterpart. The general rule in Kansas is that we interpret the Kansas Constitution similarly to its federal counterpart even though the language may differ. *Lawson*, 296 Kan. at 1091 ("But, at least for the past half-century, this court has generally adopted the United States Supreme Court's interpretation of corresponding federal constitutional provisions as the meaning of the Kansas Constitution, notwithstanding any textual, historical, or jurisprudential differences."). Caselaw of this court consistently interprets section 5 similarly to the Sixth Amendment to the United States Constitution. See, e.g., *Albano*, 58 Kan. App. 2d at 128-29.

And Kansas Supreme Court cases confirm that section 5 provides the same protection as the federal jury-trial right. The Kansas Supreme Court has consistently found section 10 of the Kansas Constitution—which provides multiple protections for a defendant in a criminal case, including the right to a trial by impartial jury—to be coextensive with the Sixth Amendment. See *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014) ("We have not previously analyzed our state constitutional language differently from the federal provision."), *rev'd and remanded on other grounds* 136 S. Ct. 633 (2016); *In re Clancy*, 112 Kan. 247, 249, 210 P. 487 (1922). Because "section 10 encompasses section 5's jury trial right and section 10 provides the same protection as the Sixth Amendment, it is a reasonable inference that section 5's jury trial right is also

7

interpreted the same as the Sixth Amendment to the United States Constitution." *Albano*, 58 Kan. App. 2d at 129; see *Levell v. Simpson*, 142 Kan. 892, 894, 52 P.2d 372 (1935) (finding a defendant who claimed a right under state and federal constitutions to have a jury determine his prior convictions "had no such privilege under Kansas law").

Deleon provides no other authority or argument to persuade us that section 5 of the Kansas Constitution provides greater protection than the Sixth Amendment, which does not require a jury to determine prior convictions. He thus fails to explain why the history of the Kansas Constitution or our caselaw shows that we should depart from the "long history of coextensive analysis of rights under the two constitutions." *Boysaw*, 309 Kan. at 538. We thus hold that the KSGA is not unconstitutional under section 5 of the Kansas Constitution Bill of Rights.

*Did the District Court Violate the Sixth Amendment to the United States Constitution by Using Deleon's Prior Convictions to Determine His Criminal History Score?*

Deleon next argues that the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by using his prior convictions to increase his sentence without requiring the State to prove his prior convictions beyond a reasonable doubt to a jury.

Deleon's argument relies on *Apprendi*, 530 U.S. 466. But he acknowledges that our Supreme Court rejected this argument in *Ivory*, 273 Kan. at 45-48. This court is duty-bound to follow Kansas Supreme Court precedent unless the court has indicated it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no indication of departure, as our Supreme Court has repeatedly confirmed *Ivory*'s holding. See *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014); *Adams*, 294 Kan. at 185. The district court's use of Deleon's prior convictions did

8

not violate his rights under the Sixth or the Fourteenth Amendments to the United States Constitution.

Affirmed.