No. 26,741.

JOHN B. HOGG, *Appellant*, v. CHARLES E. WHITHAM et al.,
*Appellees.*

SYLLABUS BY THE COURT.

DESCENT AND DISTRIBUTION—*Persons Entitled—Murder as Forfeiture—Necessity of Conviction.* In an action to quiet title to property which had belonged in her lifetime to a married woman, it appeared by the pleadings that she died intestate on January 27, her husband committed suicide on January 29, and on February 20 a coroner's jury found he had murdered his wife. *Held,* the husband was not disqualified to take the property as his wife's heir by the statute prohibiting persons convicted of crime from inheriting. (R. S. 22-133.)

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion filed February 6, 1926. Affirmed.

*A. H. Skidmore, C. B. Skidmore, A. A. Skidmore,* all of Columbus, and *E. E. Sapp,* of Galena, for the appellant.

*Al F. Williams, Don H. Elleman,* both of Columbus, *Bert W. Adsit, B. R. Thompson* and *Jesse J. Herr,* all of Pontiac, Ill., for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to quiet title to real estate. Plaintiff claimed as sole heir of Abigail Whitham, deceased, who left no will. Defendants claimed as heirs of George Whitham, deceased, who survived his wife, Abigail Whitham. The petition and answer were in the usual form. The reply alleged that George Whitham murdered his wife on January 27, 1923, committed suicide on January 29, and on February 20, was convicted by a coroner's jury of murder of his wife. Defendants' motion for judgment on the pleadings was sustained, and plaintiff appeals.

The statute reads as follows:

"Any persons who shall hereafter be convicted of killing or of conspiring with another to kill or of procuring to be killed, any other person from whom such person so killing or conspiring to kill or procuring said killing would inherit the property, real, personal, or mixed, or any part thereof, belonging to such deceased person at the time of death, or who would take said property by deed, will or otherwise, at the death of the deceased, shall be denied all right, interest and estate in or to said property or any part thereof, and the same shall descend and be distributed to such other person or persons as may be

Descent and Distribution, 18 C. J. pp. 807 n. 89, 859 n. 29; 39 L. R. A. n. s. 1088; L. R. A. 1915C, 328; 9 R. C. L. 47. Pleading, 31 Cyc. pp. 338 n. 2, 606 n. 28.

entitled thereto by the laws of descent and distribution, as if the person so convicted were dead." (R. S. 22-133.)

The statute modifies the statute of descents and distributions, and may be translated into English as follows:

No person who, at the death of another, would otherwise be qualified to take property of the other by descent or purchase, shall have capacity to do so if he be convicted of killing, procuring the killing, or conspiring to kill, the other.

Plaintiff contends the purpose of the statute was to prevent a husband from inheriting from his wife whom he murdered, certainty of the fact of murder was deemed desirable, and so a directory provision relating to ascertainment of the fact was inserted in the statute. In this instance the killing is admitted by the motion for judgment, there is no occasion to resort to judicial inquiry, and the purpose of the statute will be subserved by giving the property in controversy to the heir of the murdered woman, instead of to the heirs of her husband who, but for the felony, would have inherited it.

Previous to the year 1907, the statute of descents and distributions provided that a husband shall inherit from his deceased wife. In the year 1906, the court decided the case of *McAllister v. Fair,* 72 Kan. 533, 84 Pac. 112. The syllabus reads:

"The power to declare the rule for the descent of property is vested in the legislature; and where it has provided in plain and peremptory language that a husband shall inherit from his deceased wife, and no exception is made on account of criminal conduct, the court is not justified in reading into the statute a clause disinheriting a husband because he feloniously killed his intestate wife for the purpose of acquiring her property."

At the next ensuing session of the legislature, held in the year 1907, the statute quoted above was enacted. The occasion of the enactment was the decision in *McAllister v. Fair.* The court again holds that power to declare the rule for descent of property is vested in the legislature; and when the legislature has provided, in plain language, the conditions of disherison from an intestate feloniously killed, the court is not justified in minimizing those conditions, or in reading different conditions into the statute.

The statute disqualifies on account of homicide established in a particular manner. The admission that allegations of a pleading are true, implied from a demurrer to the pleading or from a motion for judgment on pleadings, is not an admission which establishes facts. The true attitude of the party demurring or moving is this:

Hogg v. Whitham.

If the allegations of the petition be true in fact, they are nevertheless insufficient in law. If the demurrer be overruled, or the motion denied, he may still take issue on the facts; and in this instance the law denied for the defendants the statements of fact contained in the reply.

Giving the motion for judgment the full force of an admission by defendants that Whitham killed his wife, it does not satisfy the statute. For purpose of certainty, the statute makes it necessary that the disqualifying criminal act be established by conviction, and the only kind of admission which fits into the statutory scheme is admission in open court, in the form of a plea of guilty to an information on which judgment of conviction may be based.

It is contended the statute was satisfied by the verdict of the coroner's jury finding when and by what person and means the deceased came to her death. (R. S. 19-1008.) The word "conviction" is used in the statute of 1907 in the same sense it bears in the constitution, the crimes act, and the code of criminal procedure. A verdict of a coroner's jury merely authorizes arrest if the person accused by the verdict be present, to be followed by a warrant to take him before a justice of the peace (R. S. 19-1010), or a coroner's warrant of arrest if he be not present (R. S. 19-1011). The coroner's warrant is a basis for a preliminary examination to determine whether the accused shall be held for prosecution. (*State v. Brecount*, 82 Kan. 195, 107 Pac. 763.)

The judgment of the district court is affirmed.