No. 40,789

STANLEY UHOCK, *Petitioner*, v. TRACY HAND, Warden of the Kansas State Penitentiary, *Respondent*.

(320 P. 2d 794)

Opinion filed January 25, 1958.

*Stanley Uhock,* petitioner, was on the brief *pro se.*

*Charles N. Henson, Jr.,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for respondent.

The opinion of the court was delivered by

SCHROEDER, J.:   This is an original proceeding in habeas corpus in which petitioner after a final judgment seeks his release from confinement in the State Penitentiary.

The grounds upon which petitioner seeks his release are that—(1) He was charged with first degree murder and no warrant was ever served upon him; (2) The magistrate who conducted the preliminary hearing failed to make a finding of probable cause that petitioner committed the crime; and (3) No coroner's inquest was conducted to determine the cause of the death for which petitioner was found criminally responsible.

On the 8th day of November, 1952, the county attorney of Finney County, Kansas, filed an information in the district court of Finney County against the petitioner and another person, charging that on the 31st day of October, 1952, they inflicted mortal wounds upon one John Gossman with their fists and with a blunt instrument, to-wit: "a large glass beer mug or other blunt instrument, the exact nature and description of which is to the complainant unknown," while perpetrating or attempting to perpetrate a robbery, which acts amounted to first degree murder (the information alleged among other things that John Gossman then and there died from such mortal wounds).

The following pertinent facts are taken from the journal entry:

On the 8th day of November, 1952, an adjourned day of the September term, two competent attorneys were appointed by the court to represent the petitioner, and they represented him as counsel throughout the proceedings. The next day, November 9, 1952, a plea in abatement was filed which was heard May 7, 1953. The State denied all allegations of the plea, and, after hearing, the plea in abatement was denied.

On the 11th day of May, 1953, the same being the opening day of the regular May, 1953, term of the district court of Finney County, the defendant, Stanley Uhock, at the calling of the docket *announced that he was ready for trial,* but the State moved for a continuance over the May term. The court found that the continuance should be granted for cause and ordered the case continued over the term.

On the 26th day of September, 1953, a motion for discharge filed by the petitioner was heard and denied for the following reasons:

"1. That said Stanley Uhock did break the custody of the Sheriff of Finney County, Kansas, on December 13, 1952 and was not again returned to custody in Finney County until April 18, 1953, and that said cause was not at issue until May 7, 1953.

"2. That said Stanley Uhock was not present in Finney County, Kansas, or in the jurisdiction of this Court during sufficient time of the January, 1953 term of said Court to be brought to trial during said term."

On the 5th day of October, 1953, the petitioner in open court *waived formal arraignment and entered a plea of not guilty* to the charge of first degree murder and was granted a separate trial. The journal entry discloses that *the parties thereupon announced that they were ready for trial,* whereupon a jury of twelve was duly and lawfully selected and the case proceeded to trial. On the 8th day of October, 1953, this trial resulted in a declaration by the jury that it was hopelessly divided, and *upon the petitioner consenting* to the discharge of the jury, the court discharged the jury and set the case for retrial on the 20th day of October, 1953, when the petitioner in the same term again appeared before the court and *waived formal arraignment and entered a plea of not guilty.* The *parties again announced themselves ready for trial* and a jury of twelve was duly selected, impaneled and sworn to try the case. On the 22nd day of October, 1953, this trial resulted in a verdict of guilty of murder in the first degree. The jury fixed the penalty as confinement and hard labor in the Penitentiary of the State of Kansas, for life.

A motion for new trial was filed within the time granted by the court on the 26th day of October, 1953, and was overruled after hearing on the 28th day of October, 1953. On that date the court sentenced petitioner to confinement in the Kansas State Penitentiary at hard labor for life pursuant to G. S. 1949, 21-403. Subsequent thereto petitioner was delivered into the custody of the Warden at the State Penitentiary, and at this date he remains confined in that institution in the custody of the respondent.

Petitioner contends that he was placed under arrest for drunken and disorderly conduct and shortly thereafter was interrogated on suspicion of murder. He states that being in a state of intoxication and not being fully aware of the serious nature of the crime concerning which he was questioned, he could not give sensible or coherent answers. He states that while in custody at this time he was charged with murder in the first degree and that no warrant has ever been served upon him.

The second irregularity of which petitioner complains is similar in nature, and may be answered with the first. Petitioner's complaint stems from the transcript certified to the district court by the county court where the preliminary hearing was conducted.

He contends that language in the transcript does not disclose that the judge of the county court found probable cause to believe that petitioner committed the crime. Petitioner adds that he did not waive a preliminary hearing.

On the 7th day of May, 1953, pursuant to a hearing in the district court of Finney County on a plea in abatement filed by the petitioner therein, the following is recited in the journal entry of said court:

"Thereupon, the cause is presented to the Court and testimony of M. C. Schrader, Judge of the Finney County Court, is received by the Court, and the Court, after being fully advised in the premises, finds that the Plea in Abatement filed herein should be denied and that the transcript of the Finney County Court should be amended to speak the truth of the findings of the said Court at the preliminary hearing heard herein, which true findings are as follows:

" 'That the crime of First Degree Murder has been committed and there is probable cause to believe that the defendant, Stanley Uhock, committed same'."

This question was properly raised by counsel for the petitioner in the district court by a plea in abatement. (*State v. Finley*, 6 Kan. 366; *State v. Saindon*, 117 Kan. 122, 230 Pac. 301; and *State v. Wallgren*, 144 Kan. 10, 58 P. 2d 74.) The foregoing recital confirms that a preliminary hearing was conducted in the county court of Finney County and clearly indicates the ruling and disposition made of the plea in abatement prior to the arraignment of the petitioner.

Under the heading of "Habeas Corpus" G. S. 1949, 60-2213, provides in part:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

. . . . . . . . . .

"*Second.* Upon any process issued on and final judgment of a court of competent jurisdiction."

In *James v. Amrine*, 157 Kan. 397, 140 P. 2d 362, this court said at page 399:

"It is well settled that a proceeding in habeas corpus is not to be regarded as a substitute for appellate review . . . Where a prisoner is held in custody upon regular commitment after conviction and sentence he may not invoke habeas corpus to secure revision of errors that might have been reached by amendment or appeal, where the court which imposed the sentence had jurisdiction to impose the sentence. It is only in cases where the information, the indictment, or the proceedings were otherwise void so that the court acquired no jurisdiction of the person or the cause, that the remedy of habeas

corpus becomes available. We are here speaking, of course, with reference only to alleged insufficiency of the information or of the proceedings in some other respect and not with reference to alleged denial of counsel, due process, or other constitutional guaranty. To state it in a slightly different way, habeas corpus cannot be used to review nonjurisdictional errors and irregularities leading up to judgment . . . The general rule has been variously stated. In *Franklin v. Biddle,* 5 F. 2d 19, it was said that the question is whether the indictment was sufficient to give the court jurisdiction to enter upon inquiry and make a decision. Our own decisions are in line with the general rule. . . ." (See cases cited therein.)

Later cases have held that a petition for a writ of habeas corpus by one being under sentence after trial is a collateral attack upon the judgment, and for such attack to be successful it must be shown that the judgment is void. *(Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; and *Rutledge v. Hudspeth,* 169 Kan. 243, 218 P. 2d 241.)

It is the practice of this court in deciding issues raised by the pleadings in an original habeas corpus proceeding to give verified statements of fact made by the petitioner in his application in support of his position the weight to which they would have been entitled had he been personally present and testified as a witness in his own behalf. *(Hartman v. Edmondson,* 178 Kan. 164, 283 P. 2d 397.) These statements of fact should be in his verified petition and not in his brief.

Giving the petitioner every benefit as to the interpretation of the facts and conclusions alleged in his petition and stated in his brief, the irregularities on the facts and circumstances presented by the whole record are not jurisdictional. This is illustrated by the following cases which treat the precise questions raised.

A defendant in a criminal action is not tried on the transcript from the county court. He is tried on the information and his plea of not guilty. Therefore, leave to amend or correct the transcript to speak the truth in the district court does not prejudice the rights of the defendant or infringe upon constitutional guarantees. It has been held on appeal that a motion for a continuance under such circumstances was properly denied since an amendment makes no change in the issues. *(State v. Wallgren,* supra.)

In *Foster v. Hudspeth,* 170 Kan. 338, 224 P. 2d 987, failure to receive a preliminary hearing was held to have been waived by entry of a plea of guilty in the district court.

In *State v. Grady,* 147 Kan. 268, 76 P. 2d 799, it was held that a fugitive from justice against whom an information charging a

felony was filed, who voluntarily surrendered to the sheriff, entered a plea of not guilty to the charge in the information, and gave bond for his appearance at the trial, waived issuance and service of warrant. The court there stated that in a felony case one is tried upon the information filed in the district court, and not upon the warrant which may have been issued for him previously. (See, also, *Rutledge v. Hudspeth,* supra; and *Topeka v. Kersch,* 70 Kan. 840, 79 Pac. 681.)

In *Engling v. Edmondson,* 175 Kan. 883, 267 P. 2d 487, it was held that failure to serve a complaint or warrant at the time of the petitioner's arrest for murder was of no avail in view of his plea of guilty which had the effect of waiving any and all irregularities prior to the entry of such plea.

The petitioner has not challenged the fact that he was represented by competent counsel appointed by the court. Their duties under G. S. 1949, 62-1304, were to inform the petitioner of the offense charged against him and of the penalty therefor, confer with available witnesses, cause subpoenas to be issued for witnesses necessary or proper for the defendant, and in all respects to fully and fairly represent him in the action. It is presumed in the absence of a showing to the contrary that counsel appointed for the petitioner complied with these provisions of the statute. Certainly, failure to serve a warrant upon the petitioner, even if true, is of no avail to him after final judgment and sentence. Petitioner appeared before the district court and announced himself ready for trial on the 11th day of May, 1953, and at the subsequent term appeared in open court twice and waived formal arraignment and entered a plea of not guilty. Each time he announced that he was ready for trial. After conviction and ruling on the motion for a new trial, which was denied, both he and his attorney informed the court that they knew of no reason why sentence and judgment should not be pronounced "at this time" and advised the court that petitioner was ready to receive sentence and judgment. Under these circumstances any objection for failure to serve a warrant was waived. At no place in the record does it appear that this objection was raised at or prior to the trial.

Complaint that no coroner's inquest was conducted to determine the cause of death for which the petitioner was found criminally responsible is likewise without merit.

G. S. 1949, 19-1003, has been construed to mean that the coroner

shall hold an inquest upon the dead bodies of such persons only as are supposed to have died by unlawful means where the cause of death is unknown. (*Engling v. Edmondson,* supra; and *Stebens v. Hand,* No. 40,727, decided this date.) Here it would appear from the information and the journal entry reciting the findings of the magistrate that the cause of death was known, in which event no inquest was necessary. The jury found the petitioner guilty as charged.

The petitioner states that the cause of death was unknown. Actually, at the time petitioner was apprehended, the record does not disclose whether the cause of the death for which the petitioner was held criminally responsible was known. Assuming that the cause of death was unknown, the duty of a coroner under the provisions of 19-1003, *supra,* is not jurisdictional to a final judgment in a murder case.

A verdict of a coroner's jury merely authorizes arrest if a person accused by the verdict be present, to be followed by a warrant to take him before a justice of the peace (G. S. 1949, 19-1010), or a coroner's warrant of arrest if he be not present (G. S. 1949, 19-1011). The coroner's warrant is a basis for a preliminary examination to determine whether the accused shall be held for prosecution. (*Hogg v. Whitham,* 120 Kan. 341, 242 Pac. 1021.) A coroner's warrant for the arrest of a person found guilty by a coroner's jury takes the place of a complaint, and is sufficient authority for the holding of a preliminary examination before an examining magistrate. (*State v. Brecount,* 82 Kan. 195, 107 Pac. 763; See, also, *State v. Tennison,* 39 Kan. 726, 18 Pac. 948.)

The journal entry in the instant case discloses that the petitioner was bound over for trial to the district court as a result of a preliminary examination following which he waived formal arraignment and entered a plea of not guilty as heretofore stated.

At best, the errors and irregularities alleged by the petitioner should have been presented by appeal to this court. A proceeding in habeas corpus is not a substitute for an appeal and errors made in the trial court, which are subject to review on appeal to this court, cannot be corrected or reviewed upon a petition for the writ. (*Powers v. Hudspeth,* 161 Kan. 777, 173 P. 2d 251; *Engling v. Edmondson,* supra; *Richardson v. Edmondson,* 179 Kan. 62, 292 P. 2d 705; *Wilson v. Hand,* 181 Kan. 483, 484, 311 P. 2d 1009; and *In re Bundy,* 144 Kan. 64, 58 P. 2d 80.)

In an .original proceeding in habeas corpus the burden is on the petitioner to prove the allegations of his petition by a preponderance of the evidence and his unsupported assertions, which were denied by the respondent, are not sufficient to satisfy this burden. The decisions of this court have required a clear and convincing preponderance of the evidence because a judgment of conviction carries with it a presumption of regularity and validity, The rule is well established that the standard of proof necessary to justify the issuance of a writ of habeas corpus is not met by uncorroborated and unsupported statements of the petitioner. *(Wilson v. Hand,* supra; *Hartman v. Edmondson,* supra; *Hall v. Edmondson,* 177 Kan. 404, 279 P. 2d 290; and *Engling v. Edmondson,* supra.)

A search of the record before us disclosed nothing which would entitle petitioner to his release and the writ is therefore denied.