No. 43,141

Frank McGee, *Petitioner*, v. Sherman Crouse, Warden, Kansas State Penitentiary, *Respondent.*

(376 P. 2d 792)

Opinion filed December 8, 1962.

Frank McGee, *petitioner*, was on the brief *pro se*.

*Park McGee*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

SCHROEDER, J.: This is an original habeas corpus proceeding in which the petitioner seeks his release from the custody of the Warden of the Kansas State Penitentiary. On the 5th day of May, 1961, the petitioner was sentenced to a term of not less than five years nor more than ten years in the State Penitentiary after he had been found guilty of burglary in the second degree by a jury.

The petitioner challenges the jurisdiction of the trial court and further contends that his constitutional rights have been impaired. His assignments of error under these topics will be presented in order.

The petitioner contends the trial court was without jurisdiction to try him because no lawful complaint had been filed against him and no warrant issued.

The journal entry discloses the petitioner's appearance before the district court of Leavenworth County where he was *duly arraigned.* The information pursuant to which he was tried charged him with burglary in the second degree as defined in G. S. 1959 Supp., 21-520. The petitioner was represented by a court-appointed counsel and entered a plea of not guilty to the charge. At the trial the petitioner through his counsel made an opening statement and in due course introduced evidence on his own behalf. Counsel for the petitioner argued his case to the jury.

Where one is in custody and deprived of his liberty by an order of a district court, habeas corpus will lie to inquire into the legality of such custody when the authority and jurisdiction of the court to issue such order is involved. The reasons assigned by the petitioner,

however, do not indicate that the district court lacked jurisdiction. The question the petitioner raises is essentially a trial error and cannot be raised as a ground for review in habeas corpus. (*Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009.) Failure to serve a warrant upon the petitioner, even if true, is of no avail to him after final judgment and sentence. Under circumstances similar to those in the instant case, failure to serve a warrant was said to be waived in *Uhock v. Hand,* 182 Kan. 419, 424, 320 P. 2d 794. As long as an information states a public offense, the sufficiency must be challenged by appeal and not by habeas corpus. (*Gray v. Hand,* 186 Kan. 668, 352 P. 2d 3.)

Next, the petitioner challenges the credibility of the state's witnesses as against the defense witnesses. This is a question for the jury's determination and merits no further consideration. It does not raise a jurisdictional question.

The petitioner charges that the trial court was prejudiced. The burden is upon the petitioner to establish the invalidity of his sentence and such burden is not sustained by uncorroborated and unsupported statements of the petitioner. (*Wilson v. Hand,* supra, and authorities cited therein at p. 484.)

Finally, the petitioner contends that his court-appointed defense counsel was incompetent. He charges that ineffective assistance of counsel in the preparation of a proper defense impaired his constitutional rights in that he was denied equal protection and due process under the Fourteenth Amendment of the Constitution of the United States, and that it violated Section 10 of the Kansas Bill of Rights. He also charges that it was contrary to the provisions of G. S. 1959 Supp., 62-1304.

He specifically charges that his court-appointed counsel failed to make the prosecution produce substantial evidence for a conviction beyond a reasonable doubt; that he failed to object to convicted felons testifying under oath for the prosecution; that he failed to make the prosecution produce a complaint or warrant issued against him; that he permitted the court to ignore the testimony of reputable citizens concerning the whereabouts of the petitioner at the time of the alleged crime; and that he allowed witnesses for the prosecution to testify under oath erratically, without disputing their testimony.

The journal entry discloses the petitioner's court-appointed counsel gave notice at the trial that he desired to file a motion for a new

trial, and the petitioner was given five days within which to file such motion. Thereafter, a motion for a new trial was filed by his counsel and presented to the trial court at a hearing, following which the trial court took the motion under advisement for one day and then overruled it.

The record also discloses the proceedings concerning the appointment of counsel, wherein the petitioner requested the trial court to appoint Mr. Fussell to represent him as counsel. The trial court honored this request.

The guarantee of effective assistance of counsel does not guarantee the most capable or learned counsel possible, but only a competent and reputable member of the. bar. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; and *Trugillo v. Edmondson,* 176 Kan. 195, 270 P. 2d 219.) In any event the burden is cast upon the petitioner to show that his counsel was so incompetent and inadequate in representing him that the total effect was that of a complete absence of counsel. (*Miller v. Hudspeth,* supra; *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874; and *Hicks v. Hand,* 189 Kan. 415, 369 P. 2d 250.)

Further, it is presumed that an attorney appointed to represent an accused in a criminal case discharged all duties imposed upon him by the provisions of 62-1304, *supra,* and this presumption is not overcome by the uncorroborated statements of the petitioner in a habeas corpus proceeding. (*Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349.)

The allegations of the petitioner, even if corroborated, when examined against the foregoing rules do not establish grounds for declaring the conviction void.

In *Mitchell v. United States,* 259 F. 2d 787, it was said:

"Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of possibly doubtful credibility or with a criminal record; whether to risk crystallizing the view of the judge at that point by a motion for directed verdict before the defense testimony is in; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether to advise the defendant not to go to trial at all but rather to rely upon the mercy of the court. All these and more are practical questions and very real questions. Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues." (p. 792.)

Having shown no grounds for release, the petitioner's writ is denied.