No. 44,379

CHARLES B. HANES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(411 P. 2d 643)

Opinion filed March 5, 1966.

Larry Kirby, of Wichita, argued the cause, and *Russell Shultz,* of Wichita, was with him on the briefs for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Robert Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: Under the provisions of K. S. A. 60-1507, the appellant, Charles B. Hanes, hereinafter referred to as petitioner or Hanes, filed a motion to vacate a conviction and sentence rendered by the district court of Sedgwick county. From the court's order denying relief petitioner has appealed.

The background of the matter is as follows: On April 7, 1958, petitioner was convicted by a jury of the offenses of forgery and uttering and sentenced to a term in the state penitentiary of not less than twenty years for the crime of forgery and not less than twenty years for the crime of uttering a forged instrument, said

sentences to run consecutively. Hanes appealed, and on December 10, 1960, his appeal was dismissed (*State v. Hanes*, 187 Kan. 382, 357 P. 2d 819) because it had not been duly perfected.

Subsequently, while confined in the state penitentiary, petitioner relates that he filed in the district court of Leavenworth county a petition for writ of habeas corpus, which was denied. He appealed this decision, and on May 29, 1961, the appeal was dismissed for failure of petitioner's counsel to file an abstract or brief. Thereafter, Hanes filed a petition for writ of habeas corpus in the federal district court. That court also denied the writ on the grounds Hanes had failed to exhaust all remedies under Kansas statutes. In October 1961 Hanes filed a writ of error *coram nobis* in the district court of Sedgwick county, and this was denied because of lack of jurisdiction. Throughout these post trial matters Hanes was represented by a total of five attorneys.

Petitioner, by his presently retained counsel, filed his motion to vacate and supplement thereto on October 28 and November 19, 1964, respectively, alleging, in substance, (1) illegal arrest, (2) illegal search and seizure, (3) erroneous admission of evidence, (4) the crimes of which he was convicted were committed by a fellow inmate, Delphos L. Snyder, and (5) subsequent to conviction he subjected himself to a polygraph examination, the results of which showed he was innocent. In considering the motion, the trial court stated:

"The Court, after examination of the aforesaid Motions, and the files and records of the case, including the transcript of the trial, finds conclusively that the petitioner is entitled to no relief except on the allegations . . . [that the crimes of which petitioner was convicted were committed by Snyder] . . . which allegations the court finds raise a substantial claim and substantial question of fact requiring the testimony of the petitioner and one Delphos L. Snyder. . . ."

The court ordered that the petitioner and Snyder be returned to Sedgwick county for an evidentiary hearing on the fact question heretofore mentioned. On November 19 the court heard the testimony of Hanes, Snyder and Earl Clarkson, petitioner's counsel at his trial. The court concluded that the petitioner was entitled to no relief on this point, and Hanes now makes no complaint of the trial court's finding. In overruling Hanes' motion, the court found that the "Motion and the files and records of the case conclusively show that the petitioner is entitled to no relief on all the other matters contained in his Motion and Supplement to Motion."

In his appeal petitioner asserts that the trial court erred in three respects, namely, refusing to determine the constitutionality of Hanes' arrest, refusing to consider whether or not Hanes had been the victim of an illegal search and seizure, and refusing to determine any of the other issues raised by the motion to vacate other than whether or not Snyder had committed the crime of which Hanes was convicted. The all-encompassing premise of Hanes' argument is that none of the grounds set forth in his motion to vacate has been determined by an appellate court, since every method he used to obtain a review of his case has been denied upon various jurisdictional or procedural grounds.

The state vigorously contends that the trial court correctly refused to determine the other matters raised in Hanes' motion for the reason that under Rule No. 121 (c) (4) of the Supreme Court (194 Kan. xxvii) a 60-1507 proceeding cannot ordinarily be used as a substitute for a direct appeal involving mere trial errors, or as a substitute for a second appeal. While acknowledging that the state's contention has considerable merit, we will briefly consider each of the points of error raised by the petitioner, for in doing so we have no difficulty in concluding that the allegations of the motion, even if true, fail to constitute sufficient legal grounds for vacating the petitioner's judgment and sentence.

Hanes first asserts his imprisonment is illegal in that he was arrested without a warrant approximately two weeks after the alleged crimes were perpetrated and the officer had no probable cause to make the arrest. Conceding for the sake of argument the absence of probable cause, the validity of petitioner's sentence is unaffected by reason thereof. The law is well settled that jurisdiction of a court to try a person accused of a crime is not divested by the fact he may have been unlawfully arrested. (*Call v. State,* 195 Kan. 688, 408 P. 2d 668; *State v. Cook,* 194 Kan. 495, 399 P. 2d 835.) Furthermore, a 60-1507 proceeding is intended to provide in the sentencing court a remedy commensurate with that which had previously been available by habeas corpus. (Rule No. 121(a) of the Supreme Court, 194 Kan. xxvii.) A habeas corpus proceeding permits inquiry into the legality of a custody order only when the authority and jurisdiction of the court to issue such order is questioned. For the reasons above stated, petitioner's allegations on this point do not challenge the jurisdiction of the trial court and,

therefore, form no basis for relief in a 60-1507 proceeding. (See *McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792, and *Uhock v. Hand,* 182 Kan. 419, 320 P. 2d 794.)

The federal courts, in considering the federal counterpart (28 U. S. C. § 2255) of our 60-1507 statute, have held that illegal arrest is not a ground for vacating a sentence. In *Roddy v. United States,* 296 F. 2d 9 (10th Cir.), it was stated:

"Assumming that the failure to take the appellant before the United States Commissioner constituted an illegal arrest, an illegal arrest does not void a conviction, nor is it grounds for a collateral attack upon a judgment of conviction." (p. 10.)

For statements and decisions of like import see *Kristiansand v. United States,* 319 F. 2d 416 (5th Cir.); *United States v. Koptik,* 300 F. 2d 19 (7th Cir.), cert. den. 370 U. S. 957, 8 L. Ed. 2d 823, 82 S. Ct. 1609; *Plummer v. United States,* C. A. D. C., 260 F. 2d 729.

Hanes next contends that he was the victim of an illegal search and seizure in that after arrest one of the officers reached into petitioner's pocket and removed certain articles which were later used as evidence regarding identification in the state's case in chief. Assuming only for the sake of argument that such evidence was illegally obtained, admission thereof was not error in this state prior to *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A. L. R. 2d 933 (June 19, 1961), reh. den. 368 U. S. 871, 7 L. Ed. 2d 72, 82 S. Ct. 23 (October 9, 1961). The former rule in this state was that evidence otherwise competent was not rendered inadmissible because it was obtained by unlawful search and seizure. Cases adhering to the rule are collected in Hatcher's Kansas Digest, Rev. Ed., Criminal Law, §§ 265, 266 and West Kansas Digest, Criminal Law, §§ 394, 395. Neither was the admission of such evidence ground for collateral attack in a habeas corpus proceeding. (*Hayes v. Hudspeth,* 169 Kan. 248, 217 P. 2d 904, cert. den. 340 U. S. 835, 95 L. Ed. 613, 71 S. Ct. 17.)

In *Linkletter v. Walker,* 381 U. S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731, decided June 7, 1965, the United States Supreme Court held that the ruling of the *Mapp* case, requiring exclusion in state criminal trials of evidence seized in violation of the search and seizure provisions of the fourth amendment, does not operate retrospectively upon cases finally decided prior to the date of judgment in the *Mapp* case. Petitioner's appeal to this court in the instant case was finally dismissed on December 10, 1960 (*State v. Hanes,* supra);

therefore, the *Mapp* rule has no application, and petitioner cannot now complain his constitutional rights were violated by the admission of such evidence.

The other allegations of petitioner's motion concern matters not properly justiciable in a 60-1507 proceeding. Hanes' contention that a police officer was erroneously permitted to testify as an expert relates solely to an alleged trial error which could have been raised in a direct appeal, properly perfected. In urging the matter, petitioner is merely attempting to convert this proceeding into a substitute for a second appeal, which is expressly forbidden by the provisions of Rule No. 121 (*c*) (4), *supra*. (*Miles v. State*, 195 Kan. 516, 407 P. 2d 507.) Petitioner's remaining contention that the trial court failed to consider his allegations concerning the results of a lie detector test has no merit. Under our decisions, an assertion of innocence by one convicted of a crime may not be considered in a habeas corpus proceeding. (*Dexter v. Crouse*, 192 Kan. 151, 386 P. 2d 263; *Wilson v. Hand*, 181 Kan. 483, 311 P. 2d 1009, cert. den. 355 U. S. 916, 2 L. Ed. 2d 276, 78 S. Ct. 346; *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791.) The rule applies with equal force to a 60-1507 proceeding.

Viewing the record in its entirety, and for the reasons herein stated, we are of the opinion the trial court properly concluded the petitioner was entitled to no relief. The judgment is affirmed.