**James G. PERRY, Appellant,**

v.

**Sherman A. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

**No. 288-69.**

United States Court of Appeals, Tenth Circuit.

July 27, 1970.

Arthur T. Biddle, Denver, Colo., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan. (Kent Frizzell, Atty. Gen., was on the brief), for appellee.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

HOLLOWAY, Circuit Judge.

Appellant seeks reversal of the denial of habeas corpus relief by the Federal District Court following an evidentiary hearing on the validity of a guilty plea. In 1965 appellant pleaded guilty in the State District Court to one count of armed robbery and was sentenced to a term of 10 to 21 years. No appeal was taken but post-conviction relief was sought in the sentencing court. That court denied relief without an evidentiary hearing and the Kansas Supreme

Court affirmed. Perry v. State, 200 Kan. 690, 438 P.2d 83.

Appellant then commenced his federal habeas corpus proceeding claiming that his 1965 guilty plea was not voluntarily and intelligently made. Among other things his allegations generally were that the plea was compelled by the existence of a coerced confession and threat of sentencing under the Kansas habitual criminal act; that he had been denied effective assistance of counsel; and that he had been denied an evidentiary hearing by the State Courts. Following an evidentiary hearing on the merits of appellant's claims the Federal District Court found that appellant's "plea was entered freely, knowingly and understandably by petitioner upon advice of counsel, and that he was not deprived of due process of law in any manner." The writ was denied and this appeal followed.

First, appellant argues that the State Court record made at the time of the plea does not affirmatively show that the plea was entered voluntarily and intelligently. Appellant says that the absence of such an affirmative showing entitles him to plead anew, relying on Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. However, for reasons that follow we conclude that neither *Boykin* nor *McCarthy* apply here and do not agree with appellant's first proposition.

■ McCarthy v. United States, supra, does permit pleading anew as proper relief for infraction of Rule 11, F.R. Crim.P., as amended in 1966. However, the case was decided only under the Rule, which was fashioned under the supervisory powers of the Court, and was not decided on constitutional grounds. And the rule in *McCarthy* entitling defendants to plead anew applies prospectively only to pleas accepted after that decision in April, 1969. Halliday v.

United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. So *McCarthy* does not apply here.

*Boykin* held that it was error for an Alabama court to accept guilty pleas to robbery charges without an affirmative record showing that the pleas were made intelligently and voluntarily, and reversed the convictions and death sentences thereon. Appellant argues that the case relies on the *McCarthy* case heavily and that, therefore, the impact of the *Boykin* decision is that appellant is entitled to plead anew. However, we do not reach this question of interpretation of the *Boykin* case because we are persuaded that it does not apply to appellant's 1965 plea.

The Supreme Court has repeatedly cited three criteria as relevant in determining whether a newly enunciated ruling is to be applied retroactively: (1) the purpose of the new rule; (2) the extent of reliance on the old rule; and (3) the effect retroactive application would have on the administration of justice.[1] Therefore, we turn to consideration of these criteria against the background of the *Boykin* decision.

The purpose of the new rule may be viewed in different ways, but its substantial aim is to afford relief from an improperly accepted plea where there is no affirmative showing of voluntariness on the record at the time the plea is accepted. A claim based on the inadequacy of that record alone would appear to justify relief under the *Boykin* decision. However, the basic purpose involved would not be sacrificed by prospective application of the *Boykin* case since that decision did not introduce the rule that a plea must be made voluntarily and intelligently to be valid. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, at notes 4, 5 and 6. The totality of the circumstances surrounding the acceptance of a guilty plea—both the in-court and out-of-court facts—may be probed under pre-*Boykin*

---

1. See Halliday v. United States, supra, 394 U.S. at 832, 89 S.Ct. 1498, and cases there cited; and Booker v. Phillips, 418 F.2d 424 (10th Cir.).

decisions and relief given from improperly accepted pleas. See Halliday v. United States, supra; and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. We recognize that such collateral proceedings may involve the probing of "murky memories," Boykin v. Alabama, supra, 395 U.S. at 244, 89 S.Ct. 1709, and that the element of fact-finding involved would favor retroactivity. See Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453. Nevertheless, retroactivity is not essential in view of the other safeguards available under prior law. See Johnson v. New Jersey, 384 U.S. 719, 729–730, 86 S.Ct. 1772, 16 L. Ed.2d 882.

The second and third criteria for determining retroactivity do not support such application of the Boykin decision. We note the observation in Boykin that requiring the showing of waiver on the record is not a constitutional innovation. See 395 U.S. at 242, 89 S.Ct. 1709.[2] However, the application of such a requirement to proceedings for acceptance of guilty pleas imposes a new procedural standard. The courts and prosecuting authorities were not advised of a constitutional requirement of an affirmative record showing of voluntariness until

the Boykin decision and both proceeded in reliance on prior practice.[3] The effect of retroactive application would obviously be to throw in jeopardy many pleas in fact voluntarily and intelligently made, but accepted without an affirmative record showing thereon. Cf. De-Stefano v. Woods, 392 U.S. 631, 634, 88 S.Ct. 2093, 20 L.Ed.2d 1308. Thus, both the reliance factor and the adverse effect on the administration of justice argue persuasively against retroactivity.

█ The reasoning in Halliday v. United States, supra, against the retroactivity of McCarthy is most persuasive and deals with a closely parallel question. Considering that reasoning and the governing criteria on retroactivity, we conclude that Boykin v. Alabama should not be applied retroactively and agree with numerous cogent opinions to this effect.[4] Therefore, we hold that appellant's claim that he be permitted to plead anew is untenable. An evidentiary hearing may properly determine the validity of appellant's 1965 plea of guilty.

We turn to appellant's alternative argument concerning the evidentiary hearing and findings of the trial court. Appellant says that in the event this Court should decide that voluntariness of his

2. The Boykin opinion cites Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70. While that decision required an affirmative showing of waiver of counsel, it did not indicate that such an affirmative requirement applied to the various prerequisites of guilty pleas.

3. Various cases cited in note 4, infra, indicate the numerous earlier instances of accepting guilty pleas without conducting an on-the-record examination to determine that the plea is made intelligently and voluntarily. Prior to the 1966 amendment of Rule 11 not all federal judges personally interrogated defendants before accepting their guilty pleas. See McCarthy v. United States, supra, 394 U. S. at 465, 89 S.Ct. 1166.

4. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir.); United States ex rel. Wiggins v. Commonwealth of Pa., 302 F.Supp. 845 (E.D.Pa.); Quillien v. Leeke, 303 F.Supp. 698 (D.S.C.);

Bishop v. Sharkey, 306 F.Supp. 246 (D. R.I.); Arbuckle v. Turner, 306 F.Supp. 825 (D.Utah); United States ex rel. Beecham v. Rundle, 306 F.Supp. 904 (E. D.Pa.); Ernst v. State, 43 Wis.2d 661, 170 N.W.2d 713; Hall v. State, 228 So.2d 863 (Ala.Cr.App.); Selph v. Vernon, 254 La. 1095, 229 So.2d 111 (Concurring opinion by Barham, J., suggesting that Boykin be given prospective application only); State v. Griswold, 105 Ariz. 1, 457 P.2d 331; Endsley v. Cupp, 459 P.2d 448 (Or.App.) (Dictum); In Re Tahl, 1 Cal. 3d 122, 81 Cal.Rptr. 577, 460 P.2d 449; Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923; Montanye v. State, 7 Md. App. 627, 256 A.2d 706; Silverberg v. Warden, Maryland Penitentiary, 7 Md. App. 657, 256 A.2d 821. We have noted that Schnautz v. Beto, 416 F.2d 214 (5th Cir.), applied Boykin to a guilty plea made prior to the Boykin decision, but did so without discussion of the retroactivity issue.

guilty plea might be determined in a post-conviction evidentiary hearing, nevertheless the trial court erred in the findings sustaining the validity of the plea.

The trial court conducted a fair and thorough evidentiary hearing. Appellant was heard along with two attorneys who represented him, the Deputy County Attorney who handled the 1965 prosecutions for the State, and an officer of the Wichita police force. Records consisting of the State court file and the transcript of the proceedings when the guilty plea was accepted were admitted in evidence. On consideration of the proof the trial court made findings, including the ultimate finding that the guilty plea was entered knowingly, freely and voluntarily.

We are satisfied that appellant was given a fair hearing and opportunity to present his case. However, in the Memorandum and Order deciding the case the trial court, relying on Kansas law,[5] stated that it has often been held that the unsupported and uncorroborated statements of the habeas petitioner do not sustain the burden of proof or justify granting the writ. This view was specifically applied in rejecting appellant's testimony of the allegation of coercion. On the same basis the Memorandum also dismissed appellant's uncorroborated testimony as insufficient on the issue of adequacy of counsel, relying on Kansas law.[6] It was then concluded that the trial court had no alternative other than to find that appellant's representation was adequate, and that his plea was entered freely, knowingly and understandably by the petitioner on advice of counsel, and that he was not deprived of due process in any manner.

■■■ We agree fully with the trial court's view that an evidentiary hearing was proper. Moreover, for the reasons stated above, we further agree that the voluntariness of appellant's guilty plea may be determined by an evidentiary hearing. However, we cannot be satisfied that appellant's testimony was weighed or considered with the other proof in arriving at the findings made. Instead it appears that his testimony was deemed legally insufficient and rejected as a matter of State law. In deciding appellant's federal constitutional claims federal law is controlling. See Brookhart v. Janis, 384 U.S. 1, 4, 86 S. Ct. 1245, 16 L.Ed.2d 314. Moreover, although a State conviction is involved, when his federal constitutional claims were sought to be presented in a federal court hearing, appellant's testimony could not be rejected under principles of State law. Pedicord v. Swenson, 304 F. Supp. 393, 396–398 (W.D.Mo.); see also Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770. The trial court was indeed not obliged to believe appellant's testimony, even if it was uncontradicted. See Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Beto, 387 F.2d 626, 627 (5th Cir.). Nevertheless, the dismissal of appellant's testimony in the federal court hearing as legally insufficient under State law was contrary to applicable principles in federal cases and his testimony, though uncorroborated, was entitled to be considered. See Browning v. Crouse, 356 F.2d 178, 180 (10th Cir.), cert. denied, 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683; and see, e. g., Jones v. Smith, 411 F.2d 475, 476 (5th Cir.); and Pedicord v. Swenson, supra.

We conclude that we should remand for findings, conclusions and a judgment on consideration of appellant's testimony along with the remaining evidence. The trial court may deem the present record sufficient for such re-consideration of the proof already taken, or may determine in its discretion that some further

5. Uhock v. Hand, 182 Kan. 419, 320 P.2d 794 (1958); Johnson v. Crouse, 191 Kan. 694, 383 P.2d 978 (1963); and Dexter v. Crouse, 192 Kan. 151, 386 P.2d 263 (1963).

6. Dexter v. Crouse, supra; McGee v. Crouse, 190 Kan. 615, 376 P.2d 792.

hearing should be held. Panama Mail Steamship Co. v. Vargas, 281 U.S. 670, 672, 50 S.Ct. 448, 74 L.Ed. 1105; Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461. In either event findings, conclusions and a judgment should be entered on consideration of appellant's testimony along with the remainder of the proof, with the trier of fact giving appellant's testimony such weight, if any, as it deems proper.[7] Accordingly the judgment is vacated and the case is remanded for further proceedings consistent with this opinion.

7. We note that the trial court stated reasonably detailed findings and conclusions in its Memorandum and Order and observe that such detailed subsidiary findings dealing with each claim and its underlying facts are necessary. See Lesley v. Oklahoma, 407 F.2d 543, 544 (10th Cir.). The remand here will afford the trial court an opportunity to assess appellant's claims in the light of recent decisions dealing with similar problems. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785.