**Freddie SIMS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

**Civ. A. No. 1671.**

United States District Court,
N. D. Florida,
Tallahassee Division.

Feb. 17, 1971.

Freddie Sims, in pro per.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., for respondent.

## ORDER

MIDDLEBROOKS, District Judge.

This cause is before this Court, response hereto having been given to this Court's order to show cause dated December 8, 1970. In his application for relief petitioner attacks the validity of his adjudication of guilt and sentence of conviction imposed September 7, 1961, in the Circuit Court in and for the Second Judicial Circuit of Florida.

The Court deems it helpful to give pause here to outline briefly the legal proceedings which occurred in the State Court. On September 7, 1961, petitioner was arraigned on the charge of escape, to which charge he entered a plea of guilty, was adjudicated guilty and sentenced to a term of two years imprisonment. At the time of the escape, petitioner was in State custody serving a sentence of six (6) months to twenty (20) years upon conviction and sentence for manslaughter. Thereafter, petitioner filed certain post-conviction motions pursuant to the applicable Rules of Florida Criminal Procedure, and on November 14, 1963, it was ordered that the plea of guilty previously entered in that cause be vacated and set aside as well as the judgment and sentence entered on September 7, 1961. This order of the State Court was the aftermath of the landmark decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963). Additionally, the Public Defender was appointed to represent petitioner at his new trial. On November 15, 1963, an arraignment proceeding was held with petitioner being represented by his Court-appointed counsel. At that time for reasons of his own and upon advice of counsel, petitioner moved that the order granting a new trial be rescinded, whereupon the Court vacated, annulled and set aside its order of November 14, 1963, and reinstated the previous sentence which had been imposed.

## I

It is in this posture that this cause is before this Court. In effect respondent argues that the November 15, 1963, proceedings resulted in petitioner again pleading guilty to the charge of escape and that this proceeding constituted a "new trial". What this Court is concerned with is whether the "plea" as measured against federal constitutional standards would be valid. The other grounds for relief asserted by petitioner will be of little persuasion since it is well settled that a valid plea of guilty constitutes a waiver of all non-jurisdictional defects in the prior proceedings. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

Tersely put, respondent argues that the November 15, 1963, proceeding constituted a re-arraignment and that the State Court merely imposed an identical judgment and sentence which petitioner reaffirmed by his in-Court conduct.

Respondent has not made available to this Court a record of that proceeding. The only evidence in this record which could shed any light as to what transpired is contained in the State's Response, Appendix A, page 22, wherein the State Court vacated its previous order granting a new trial. This "silent record" predates Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and the constitutional shortcomings condemned therein would not necessarily be fatal here. Whether Boykin shall have retroactive application has not been decided by the United States Supreme Court. See Brady v. United States, 397 U.S. 742, Footnote 4, page 747, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Although the retroactivity of Boykin has not received the full consideration by the Supreme Court, at least two sister Circuit Courts of Appeal feel that Boykin should not be retroactively applied. See Perry v. Crouse, 429 F.2d 1083 (10th Cir. 1970); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970).

Furthermore, it should be noted as a matter of fact that no plea was ever entered by petitioner in the November 15, 1963, proceedings. Therefore, Boykin should not be a prevailing consideration

inasmuch as that decision was intended to gauge the constitutional efficacy of a plea already entered.

What concerns this Court first and foremost is the authority vel non of the State Court in the November 15, 1963, proceedings to reinstate a judgment of conviction and judgment of sentence which had previously been declared null and void and, technically speaking, had been expunged from the record. To compound this Court's dilemma the 1961, judgment and sentence which had been declared constitutionally infirm under *Gideon,* supra, was to be re-instated. In effect, then, if the Court had authority under Florida law to reinstate the judgment and sentence previously entered, it merely reestablished a judgment and sentence complete with the constitutional infirmities which had attached to it on September 7, 1961. If such were the case, then that judgment and sentence would still be open to collateral attack under the Sixth Amendment to the Constitution of the United States.

On the other hand, if the action of the Court taken on November 15, 1963, merely vacated the order of November 14, 1963, only insofar as it granted petitioner a new trial, then the plea of guilty and the judgment and sentence of the Court pronounced and imposed on September 7, 1961, still remains a nullity. Thus petitioner could be serving time on a sentence which is null and void.

Whichever approach is taken, it is abundantly clear to this Court that some corrective legal surgery must be performed to heal the constitutional sores which have plagued this cause. Accordingly, it is

Ordered:

The order of the Circuit Court of Leon County, Florida, in Case No. 61–14–68, entered on November 15, 1963, is hereby vacated and set aside.

[2] Within thirty (30) days of entry of this order, respondent and the State of Florida are directed to present petitioner in the Leon County Circuit Court for arraignment on the charge of escape in Case No. 61–14–68. At arraignment counsel shall be appointed to represent petitioner if he so desires and said counsel shall confer with petitioner and advise him relative to the plea to be entered, the consequences thereof, possible defenses to the charge and in any other matters as commanded by law. As an aside, this Court would note that *Boykin* would govern this proceeding. In the event this order is not complied with, then the indictment against petitioner in Case No. 61–14–68 in the Circuit Court of Leon County, Florida, shall be dismissed.