45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Amos Jimmy JENNINGS, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6334.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Amos Jimmy Jennings appeals from an order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. We affirm.
 
 
 4
 In 1984, petitioner pled guilty in state court to various felony charges. He was sentenced to three concurrent fifteen-year sentences which were enhanced by three 1965 felony convictions. Petitioner argues the use of the 1965 convictions was unconstitutional because when he entered those pleas, he was not informed of the constitutional rights he was waiving or of his right to appeal.[2]
 
 
 5
 The rights petitioner is claiming were announced by the Supreme Court in 1969 in Boykin v. Alabama, 395 U.S. 238 (1969). The Court there stated that when entering a guilty plea, a defendant waives the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront his accusers. Id. at 243.
 
 
 6
 However, Boykin does not apply retroactively. Perry v. Crouse, 429 F.2d 1083, 1085 (10th Cir.1970).[3] At the time petitioner entered his guilty pleas in 1965, a valid guilty plea required only that "the defendant understand the charges against him and act of his own free will, without coercion." Wicks, 995 F.2d at 978 (citing Machibroda v. United States, 368 U.S. 487, 493 (1962)). Petitioner has not alleged his 1965 guilty pleas were not voluntary and intelligent when entered. "He neither alleges nor argues coercion, deception, surprise, actual lack of knowledge as to the charges or penalties ..., lack of competence or understanding for any reason, or any other basis in fact for attacking the lawfulness, regularity, or finality of his state court convictions." Id. at 976.[4]
 
 
 7
 Further, the fact that petitioner was represented by counsel "strongly suggests an informed and voluntary plea." Id. at 979. Finally, although petitioner may not have known he had the right to take a direct appeal, we consider it "highly probative of the validity" of his 1965 guilty pleas that petitioner did not seek collateral relief from those pleas until he desired to challenge the 1984 convictions. Id. If petitioner's pleas "were truly involuntary, it is difficult to believe [he] would not have challenged them" before now. Id.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner also raises several issues relating to the alleged violation of various Oklahoma state statutes. We do not address these issues. Only claims that petitioner is being held in custody in violation of the federal constitution or federal law are cognizable in a 2254 action. See 2254(a)
 
 
 [3]
 Even if Boykin could be applied retroactively, "[t]he Supreme Court has made it clear that Boykin, which involved a direct review of a conviction, does not in critical respects apply to collateral attacks on previous convictions which have become final." United States v. Wicks, 995 F.2d 964, 977 (10th Cir.) (citing Parke v. Raley, 113 S.Ct. 517, 523-24 (1992)), cert. denied, 114 S.Ct. 482 (1993)
 
 
 [4]
 In his response to the magistrate judge's recommendation, petitioner did allege he was beaten and mistreated for five months before he appeared in court, at which time he was offered no choice but to plead guilty. Petitioner has submitted no affidavit or other evidence to support these allegations. Self-serving and conclusory statements do not suffice. See Wicks, 995 F.2d at 978